DAVID CRONIN, as Overseer, etc., Respondent, *v.* WILLARD F. STODDARD, Appellant.

The omission of an excise commissioner, elected under the act of 1874 (Chap. 444, Laws of 1874), to execute an official bond approved by the supervisor of the town, does not create a vacancy ; at the utmost, it only furnishes cause for a forfeiture of the office ; a vacancy can be effected only by a direct proceeding for that purpose.

*People, ex rel. Kelly* v. *Common Council City of B'klyn* (77 N. Y. 503).

To avoid the penalty imposed by the excise law (Chap. 628, Laws of 1857), a party desiring to sell intoxicating liquors must see to it that he obtains a license from those clearly authorized to grant it.

Where, therefore, because of the failure of an excise commissioner to procure the approval of the supervisor to the bond presented by him, another was elected to fill the supposed vacancy, — *Held*, that a license

signed by the person so elected and by one of the three commissioners was no defense to an action to recover a penalty for selling liquor without a license.

(Argued October 22, 1884 ; decided November 25, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made January 21, 1882, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought by plaintiff, as overseer of the poor of the town of German Flats, to recover penalties for alleged violations of the excise law in selling ale and beer without a license.

Defendant justified under a license purporting to have been issued by the commissioners of excise of said town licensing the sale of ale and beer. It was signed by H. M. Bliss and J. W. Kinne as commissioners of excise.

It appeared that one Bellinger was elected excise commissioner in March, 1876 ; he filed his oath of office March 11 and an official bond, but the same was not approved by the supervisor of the town until after the town meeting in 1877. Bellinger met with the other commissioners as a member of the board of excise on the first Monday of May, 1876. At the town meeting in 1876, on the supposition that there was a vacancy, because of the failure of Bellinger to have his bond duly approved, votes were cast for said Jeremiah W. Kinne " to fill vacancy, if any exist," and he was declared by the town clerk elected to fill vacancy, if any existed. On the first Monday of May, 1877, Messrs. Lewis, Bliss and Bellinger met as the excise board and adjourned for a year without granting any licenses. Kinne filed an oath of office and a bond. In March, 1877, Bliss and Kinne notified Lewis to meet with them as a board of excise ; this he declined to do. Bliss and Kinne met March 10, 1877, and claiming to act as such board signed the alleged license.

*J. A. Steele* for appellant. An officer *de facto*, acting under color of legal title, in so far as his acts affect the rights of third

persons, is not subject to impeachment collaterally, on the ground that he was not an officer *de jure*. (*Parker* v. *Baker*, 8 Paige, 428; *Greenleaf* v. *Low*, 4 Den. 168; *Weeks* v. *Ellis*, 2 Barb. 320; *Read* v. *City of Buffalo*, 2 Keyes, 447; *Rochester & G. V. R. R.* v. *Bank*, 60 Barb. 234, 248; *People* v. *Brennen*, 45 id. 457; *People* v. *Stevens*, 5 Hill, 616–630; *Thompson* v. *People*, 6 Hun, 135–138; *Conover* v. *Devlin*, 15 How. 470–477; *Wilcox* v. *Smith*, 5 Wend. 231; *People* v. *Cook*, 8 N. Y. 67; *Dolan* v. *Mayor*, 68 id. 274; *Barker* v. *Baker*, 8 Paige, 428; *Thompson* v. *People*, 6 Hun, 135; *People, ex rel. Devlin,* v. *Peabody*, 6 Abb. Pr. 234.)

*Thomas Richardson* for respondent. The oath of office and the bond were filed in time. (S. L. 1874, p. 562, § 2; S. L. 1870, chap. 175, § 3.) In the case of town officers, the period within which they must qualify begins to run from the time of their notification of their election or appointment. (1 Edmonds, 317, § 10.) The office did not become *ipso facto* vacant; there must be a direct judicial proceeding to declare and enforce the forfeiture. (*Cronin* v. *Grundy*, 16 Hun, 520; *Foot* v. *Stiles*, 57 N. Y. 403, 404; *Clark* v. *Ennis*, 28 Alb. L. J. 451; *S. C.*, 16 Vroom [45 N. J. Law], 69.) There was no judicial or other authorized proceeding in the Bellinger case to declare a forfeiture. (11 How. 418.) If Bellinger was an officer *de jure* and *de facto*, Kinne could not be an officer *de facto*. (*McCahon* v. *Commissioners of Leavenworth Co.*, 8 Kans. 437; *Boardman* v. *Halliday*, 10 Paige, 223, 232; *People* v. *Peabody*, 6 Abb. 236; *Morgan* v. *Quackenbush*, 22 Barb. 72, 80.) The authority of the persons granting licenses may be inquired into in such an action as this. (*Palmer* v. *Doney*, 2 Johns. Cas. 346; *Calcroft* v. *Gibbs*, 5 Term. R. 19; *People* v. *Commissioners of Excise*, 7 Abb. 36; *Orvis* v. *Thompson*, 1 Johns. 500.)

DANFORTH, J. The difficulty with the appellant's case is that when Kinne assumed to act as excise commissioner the office was already full. Bellinger, who was elected in 1876 for a

term of three years (Laws of 1874, chap. 444), was in *de jure*, and in 1877 was performing the duties of his office. There was, therefore, no place in which another could act. (*Board-man* v. *Halliday*, 10 Paige, 223.) And this is so although his official bond was not approved by the supervisor until after the time when Kinne claims to have been elected. The omission at the utmost afforded cause for forfeiture of the office, but did not create a vacancy. That could be effected only by a direct proceeding for that purpose. This was held in *Fort* v. *Stiles* (57 N. Y. 399), in the case of a commissioner of highways, where the same question came up on the construction of a statute similar to the one before us. The legislature uses different language when it intends that an act or omission shall create a vacancy, as in Laws of 1875, chapter 180, section 4, where the mere acceptance of an election or appointment by a town auditor to any other town office creates a vacancy in the first office, or section 5, where neglect to accept has the same effect upon the office named. In *People, ex rel. Kelly*, v. *Common Council of the City of Brooklyn* (77 N. Y. 5023), the statute under consideration declared that, upon the happening of a certain event, the office " should become vacant." The event happened, and it was held that no proceedings were necessary, for the effect of the statute was the removal of the incumbent. The differing language of the statutes will not permit that construction here.

It follows that Kinne had not even an apparent authority or color of title to act as excise commissioner, and the license granted by him furnishes no defense to the action. One who desires to enjoy the privileges afforded by the act under which the proceedings in question were had (Laws of 1857, chap. 628) must see to it that they are granted by one duly authorized, or submit to the penalty prescribed.

As to the merits of the case : The evidence was all one way, and uncontradicted. It established the sale of beer upon the defendant's premises as charged in the complaint, and his participation in it. The trial judge could not properly submit the case to the jury as one in which, in any view of the testimony,

a verdict for the defendant would be upheld. The exceptions to evidence and its exclusion have been examined, but disclose no error.

It follows that the appeal must fail and the judgment be affirmed, with costs.

All concur, except RAPALLO, J., absent.

Judgment affirmed