204 PEOPLE ex rel. WILLSON v. BOARD OF TRUSTEES.

Second Department, February Term, 1891.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES H. WILLSON, Respondent, v. THE BOARD OF TRUSTEES OF THE VILLAGE OF MT. VERNON, Appellant.

*Vacancy in the office of village trustee — when the trustee is not a police official under chapter 163 of 1890 — effect of a violation of that act on the tenure of office.*

In proceedings, instituted for the purpose of obtaining a peremptory writ of *mandamus*, to compel the board of trustees of the village of Mt. Vernon to fill an alleged vacancy in the office of trustee, it appeared that one McGrane was elected a trustee of the village in May, 1889, for the period of two years, took the oath of office and entered upon and continued to perform the duties thereof, but did not take the oath required by chapter 163 of the Laws of 1890, which it was claimed that he should have taken for the reason that he was, as

claimed, by virtue of his office, a police official, the duties imposed upon the trustees of the village including, among other things, that of apprehending and punishing common prostitutes, vagrants and disorderly persons, and appointing police constables, extra policemen and night watchmen.

*Held*, that as these powers were vested in the board of trustees, and not in each trustee as an individual, a trustee did not come within the class of officers designated in chapter 163 of the Laws of 1890.

That the act of 1890 did not declare the office of an official failing to take the oath required by it, vacant, but merely disqualified such person from holding, and disbarred him from continuing to hold, any office mentioned in the act.

That before any vacancy could arise, by reason of a failure to take the oath, a direct proceeding must be taken for the enforcement of the forfeiture of office created by that act.

APPEAL by the Trustees of the Village of Mt. Vernon from an order made at Special Term, in Westchester county, on the 11th day of October, 1890, directing that a peremptory writ of *mandamus* issue out of and under the seal of this court, directed to the said board of Trustees of the Village of Mt. Vernon, commanding the said board of trustees forthwith to convene and fill the vacancy in the office of a trustee of said village, of which Bartholomew McGrane was the last incumbent, and which office became vacant by the failure of the said McGrane to take, subscribe and file the oath as required by chapter 163 of the Laws of 1890."

*Norman A. Lawlor*, for the appellant.

*Close & Robertson*, for the respondent.

PRATT, J. :

This was an application by Charles H. Willson, an elector of the village of Mt. Vernon, for a peremptory *mandamus* to compel the defendant to fill a vacancy in the office of trustee of said village, occasioned by the failure of Bartholemew McGrane to take the oath required by chapter 163 of the Laws of 1890. McGrane was duly elected trustee of the village of Mt. Vernon on the 21st day of May, 1889, for the period of two years from the 28th day of May, 1889; took the oath of office in due time and entered upon, and continued to exercise, the duties of his office as such trustee when said chapter 163 of the Laws of 1890 took effect. McGrane did not take the oath required by said act within the time prescribed therein, nor has he since taken it. It is claimed he was a police official by virtue of his

**206** PEOPLE ex rel. WILLSON *v.* BOARD OF TRUSTEES.

SECOND DEPARTMENT, FEBRUARY TERM, 1891.

office as trustee. This claim is sought to be proved by a reference to the act (Laws of 1887, chap. 544, tit. 8, § 1) defining the duties of trustees, in which, among other duties imposed upon them, is that of apprehending and punishing common prostitutes, vagrants and disorderly persons, and also, under section 6 of said act, said trustees may "appoint one or more police constables, extra police and night watchmen."

These powers are vested in the board of trustees as a board, and not in the individual members. It would not be claimed that a trustee could of his own motion arrest and punish a vagrant, for instance, or appoint extra police. In the former case it was intended that the board in its legislative capacity could pass ordinances for the arrest and punishment of vagrants, and in the latter, that the board might in an emergency, at their discretion, appoint extra police officers. If this is the true construction, it follows that a trustee does not come within the class of officers designated in chapter 163 of the act of 1890, who are required to take the oath required by that act. I think it is clear that this act was only intended to apply to the excise commissioners, excise inspectors, police officers and their subordinates. Neither in the title nor in the body of the act is a trustee, by that name, required to take the oath. Our conclusion is that the act of 1890 was never intended to apply to a trustee of a village under such an act as that of chapter 544 of the Laws of 1887.

It may be further stated that the act of 1890 does not declare the office vacant by reason of not taking the oath, but merely disqualifies a person from holding and debars him from continuing to hold any office mentioned in the act. It therefore follows that there is no vacancy which the board of trustees can be required by *mandamus* to fill. These views, if correct, are sufficient to reverse the judgment; but it may not be amiss to add that a failure to take the oath under the statute of 1890 does not create a vacancy, but, at the utmost, only furnishes a cause for forfeiture, and a vacancy can only be created by a direct proceeding for that purpose. The case of *Cronin* v. *Stoddard* (97 N. Y., 271) is the same in principle, and in that case this doctrine was laid down. The authorities are abundant and conclusive upon this principle. (*People ex rel. Williamson* v. *McKinney*, 52 N. Y., 374; *Adams* v. *Tator*, 42 Hun, 384;

*Weeks* v. *Ellis*, 2 Barb., 320.) Again, the rule is well settled that a *mandamus* is not a proper remedy for trying the title to an office. (*People* v. *Stevens*, 5 Hill, 616; *People* v. *Corporation of New York*, 3 Johns. Cas., 79; *People ex rel. Dolan* v. *Lane*, 55 N. Y., 219; *Foot* v. *Stiles*, 57 id., 399.)

Not only upon what we regard as a proper construction of the statute, but upon an error in the mode sought to oust the trustee from office, we think the judgment must be reversed.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Order granting *mandamus* reversed and motion denied, with fifty dollars costs.