(8 Misc. Rep. 196.)

### In re FOLEY.

(Supreme Court, Special Term, Albany County.  May 2, 1894.)

OFFICE AND OFFICERS—APPLICATION TO COMPEL DELIVERY OF BOOKS.
 One who produces a certificate of election to an office, and has taken and filed the constitutional oath, is entitled to the delivery of the books and papers pertaining to such office.

Application by James H. Foley to compel the delivery of the books, etc., appertaining to the office of town clerk for the town of Watervliet, to which petitioner claims to have been elected. Granted.

Eugene McLean, for the motion.
Charles B. Templeton, opposed.

HERRICK, J. This is an application pursuant to chapter 179 of the Laws of 1893 to compel the delivery of books, papers, etc., appertaining to a public office. The claimant, James H. Foley, claims to have been elected town clerk of the town of Watervliet at the election held April 9, 1894, and produces upon this application his own affidavit and that of a member of the town board of canvassers of said town, showing that Foley was a candidate for town clerk, and that he received a majority of the votes cast at such election, and that the board of town canvassers canvassed said votes, and duly declared James H. Foley elected town clerk of the town of Watervliet; that the election was held on the 9th day of April, and that such canvass and declaration of the result was made by the town canvassers on the 10th day of April, 1894. The claimant further shows that he took the constitutional oath of office on the 16th day of April, 1894, and that on the same day he made a demand on the defendant, Le Roy, for the delivery to him

of the books and papers of the office, and that Le Roy refused to deliver the same to him. The facts thus far stated are undisputed. There is a controversy between the parties as to the filing of the oath of office, the claimant asserting that he entered the office of the clerk, who was then engaged in writing, and laid his constitutional oath of office, together with his verified statement of the expenses of his election, upon the table, at the time of and just prior to his presenting to him a written demand for the delivery of the books and papers; that subsequently, and while in possession of said office, he ascertained that Le Roy had not marked said oath as being filed, as town clerk, The defendant, Le Roy, denies this statement of Foley that he deposited such paper on the table in said office, while he, Le Roy, was engaged in writing. The truth of the facts appears to be this, from all the affidavits and statements before me: That the claimant, Foley, went to the office, or place that was used as the town clerk's office, and then occupied by Le Roy, and demanded possession, which Le Roy refused to give. Foley remained in the office, and thereafter, while Le Roy was absent from said office, the claimant, Foley, had a new lock placed upon the door, and has remained in possession thereof, and of many of the books and papers of the office, to the exclusion of Le Roy. That Le Roy, claiming to be still town clerk, and with some of the books and documents of the office, has established what he claims to be the town clerk's office at his own house. And that Foley, as town clerk, has indorsed his constitutional oath of office, and filed it in the town clerk's office now occupied by him. Whether it was filed in the precise manner that Foley says is of little consequence, the purpose of it being to indicate his acceptance of the office; and, that being manifested by his filing or attempting to file it within eight days after it was taken, seems to me a sufficient compliance with the statute. This is not a proceeding to try title to office, but a summary proceeding to authorize the delivery of books and papers to the person who, upon uncontested facts, appears entitled to hold the office in question; and where it appears that a person claiming an elective office has received the majority of the votes cast at the election at which such office was to be filled, and has received a certificate of such election, and has taken the oath of office required by law, such facts are sufficient to entitle him to the necessary books and papers pertaining to such office, and for the granting of an order under the statute referred to. In re Bradley, 141 N. Y. 527, 36 N. E. 598. A person claiming title to an elective office in opposition to a certificate of election is not ordinarily entitled to try to establish such title to office, notwithstanding such certificate of election, in proceedings of this character, but is compelled to resort to his remedy by quo warranto. But the defendant in these proceedings asserts that his title to office relates back of the election of April, 1894, and the certificate of the claimant of the result of such election to the election of 1893; and that, as a matter of law, there was no election to be held for the office of town clerk for the town of Watervliet at the election of 1894, and that the ballots cast for such office, and the canvass of

the same, and declaration of the result, and the certificate of election issued thereupon, were all nugatory, void, and of no effect; and he claims that upon the undisputed facts in the case his title to such office, and not that of the claimant, is clear.

It appears from the papers before me in a prior proceeding, which, by the consent of all the parties, have been read as part of the papers in the proceeding now pending, that the defendant, Le Roy, was elected town clerk of the town of Watervliet at the town election held in the spring of 1893, and he claims that by virtue of the statutes then in force he was elected to the office for the term of two years. He asserts that he was elected on the 11th day of April, 1893, and that, chapter 344 of the Laws of 1893 having become a law on the same day, it made the term for which he was elected two years. The election was held under the provisions of chapter 22 of the Laws of 1858. That act provides for the division of the town of Watervliet into election districts, and provides for holding the town elections by election districts; and further provides that, after the canvass of the votes in each election district, the statement of the result made by them shall be certified to the annual town meeting, to be held on the succeeding day, and that the board of town officers at such annual town meeting shall complete the canvass by adding all the statements of the several districts together, and declare the result the same day, as though such votes had been polled at such annual town meeting. The ballots were cast on the 10th day of April, and the statements of the result of the several election districts were made on that day. They were added together at the annual town meeting held on the 11th day of April,—the following day,—and for that reason the defendant's contention is that he was in fact elected upon the 11th day of April, instead of on the 10th; what is designated as the "annual town meeting" in the statute having been held on the 11th day of April. The general town law providing that town clerks shall be elected at the annual town meetings, the defendant's claim is that that was the time when he was elected, and the only time the town clerk can be elected. That is doubtless true, if the election in question had taken place under the general law in relation to town meetings and the election of town officers, but, as before stated, the election in question was held under a special law, and section 20 provides as follows:

"Nothing in this act shall be construed so as to alter the time or place of holding the annual town meetings, or doing any business usually done at the annual town meeting with the exception of the election of town officers, as herein provided."

Thus expressly recognizing and providing that the election of town officers shall be held at a different time from the annual town meeting.

I have already briefly discussed the legal questions here involved in Re Foley, 28 N. Y. Supp. 608, to which reference in hereby made, and see no reason to change my views thereon as then expressed; and it seems to me that, upon the undisputed facts in the case, the defendant has no right or title to the office in question. Nothing exists in this case to cause a departure from what I understand

to be the correct rule in these proceedings,—that, where a person produces a certificate of election from the proper election officers of his election to such office, with proof that he has taken the constitutional oath of office, and filed the same, and given the necessary undertaking, where one is required by law, he is entitled to the delivery to him of the books and papers pertaining to such office. In re Bradley, 141 N. Y. 527, 36 N. E. 598. An order will be granted to the claimant as prayed for in his petition.