In the Matter of the Application of HORACE A. DUDLEY, City Clerk of the City of Hornellsville, Respondent, to Compel SIDNEY Ossoski, Appellant, to Deliver to him the Books and Papers belonging to the City Clerk's Office of said City.

33        465
171 NY ¹308
e 37 Mis¹193

*City of Hornellsville — proceeding to compel the delivery of the books of the city clerk — when the vote of the mayor for a city clerk is not to be counted — prima facie evidence of appointment to that office.*

The charter of the city of Hornellsville (Laws of 1888, chap. 40) provided as follows: "The common council shall be composed of the mayor and aldermen. The mayor, when present, shall preside at all meetings of the common council." "Each alderman present at any meeting of the common council shall have a vote on every question brought before the common council for its consideration. * * * The presiding officer shall, in case of a tie, have a casting vote."

The charter further required that the votes of a majority of all the members of the common council — twelve in number — should be necessary to the adoption of a resolution appointing a city clerk.

*Held,* that a resolution for which six members of the common council voted, four members voting against it, could not be adopted by the vote of the mayor in support thereof.

*Semble,* that in a special proceeding instituted under the provisions of section 2471a of the Code of Civil Procedure to obtain an order directing the predecessor in office of the petitioner who claimed to have been appointed a city clerk, to deliver to him such official books and records as remained in the former's possession, proof on the part of the petitioner that he had procured a certificate of appointment from the proper officer and had taken the statutory oath of office and filed the same and had given the necessary undertaking, would establish a *prima facie*, if not an absolute, right to the books and papers pertaining to his office.

APPEAL by Sidney Ossoski, the defendant in the above-entitled proceeding, from an order made by the county judge of Steuben county, and entered in the office of the clerk of the county of Steuben on the 2d day of June, 1898, directing the said defendant to deliver to the petitioner the books and papers belonging to the city clerk's office of the city of Hornellsville, and also that said defendant be imprisoned in the county jail of Steuben county until he make such delivery.

*F. A. Robbins,* for the appellant.

*Milo M. Acker,* for the respondent.

PER CURIAM:

This is a special proceeding instituted pursuant to the provisions of section 2471a of the Code of Civil Procedure, the petitioner claiming to be the city clerk of the city of Hornellsville, and seeking through the medium of this proceeding to obtain an order directing his predecessor in office to deliver to him such official books and records as remain in his possession.

The petitioner bases his right to the possession of these books and papers upon his alleged appointment to the office of city clerk by a resolution of the common council of the city, and he contends that the record herein establishes his *prima facie* title to that office.

It is undoubtedly true, as claimed by the learned counsel for the respondent, that the section under which these proceedings are brought was not designed as a substitute for the writ of quo warranto for trying title to a public office (*Matter of Sells,* 15 App. Div. 571; *Matter of Bradley,* 141 N. Y. 527); and if it can be said that the petitioner has produced a certificate of appointment from the proper officer, and has furnished proof that he has taken the constitutional oath of office and filed the same, and given the necessary undertaking, he has undoubtedly established a *prima facie,* if not an absolute, right to the possession of the books and papers pertaining to his office. (*Matter of Foley,* 28 N. Y. Supp. 611.)

The difficulty, however, which we encounter in this case is that the petitioner not only fails to establish a *prima facie* title to his office, but his petition shows quite conclusively that he has no title whatever. In the first place, the certificate of appointment upon which he relies is that of the mayor of the city of Hornellsville, alone, whereas the city charter provides that such certificates shall be made and filed by the common council, no other duty being imposed upon the mayor than that of signing a certificate thus made. Moreover, it appears affirmatively, as we think, that the petitioner was never legally appointed to the office, the duties of which he claims the right to discharge.

The city of Hornellsville was incorporated by chapter 40 of the Laws of 1888, and among the provisions of its charter are the following, viz.: "The common council shall be composed of the mayor and aldermen. The mayor, when present, shall preside at all meetings of the common council, and in his absence one of the aldermen shall be called to the chair, who shall, while presiding, possess all the powers and privileges of the mayor as presiding officer." (Laws of 1888, chap. 40, tit. 3, § 1.)

"Each alderman present at any meeting of the common council shall have a vote on every question brought before the common council for its consideration, except as herein otherwise provided; and no alderman shall be excused from voting on any such question except by concurring vote of two-thirds of all members present. No person whose election as alderman shall be contested shall be entitled to vote on any question connected with such contest. The presiding officer shall, in case of a tie, have a casting vote." (Laws of 1888, chap. 40, tit. 3, § 2.)

It appears that the petitioner rests his claim of title upon the proceedings of a meeting of the common council held on the 18th day of April, 1898, which was attended by the mayor and ten aldermen, the board of aldermen consisting of twelve members. At this meeting a resolution was offered which recited that

"WHEREAS, there is now no city clerk, except Sidney Ossoski, temporarily discharging the duties of clerk, now, therefore, be it *Resolved*, that Horace A. Dudley be and he is hereby appointed city clerk."

It is conceded that of the aldermen present at this meeting but six voted in favor of the resolution, while only four voted against the same; and that thereupon the mayor voted in the affirmative and then declared the resolution carried.

It is also conceded that under the charter it required a majority of all the members of the common council, or seven votes, in order to adopt this resolution; and it would consequently seem that the petitioner's right to the relief sought by this proceeding depends wholly upon the validity of the vote cast by the mayor, without which it is obvious that the petitioner had not sufficient votes to secure this appointment.

The powers of a municipal corporation as regards the appoint-

ment of charter officers are purely statutory, the officers upon whom such powers are conferred being limited in their exercise to such as are clearly given by the charter; and it appearing that the charter of the city of Hornellsville confers upon the mayor of that municipality the right to give a casting vote in the event that the other members of the common council are tied in their vote, the implication arises that his voting power can only be exercised under those precise circumstances.

We think it was manifestly the design of the Legislature in enacting this charter to thus restrict the voting power of the mayor, and it would not be difficult to furnish various and sufficient reasons why it should be thus restricted. But the question we are now considering has already arisen and been adjudicated upon a state of facts singularly like those presented by the record in this proceeding, and the conclusion of the learned justice who wrote the opinion in the case referred to not only meets our approval, but the reasoning upon which that conclusion is based is so clear and cogent as to render any further discussion of the question unnecessary. (*People ex rel. Gaskill* v. *Ransom*, 56 Barb. 514.)

Regarding, therefore, the doctrine of the case cited as the law of the present case, we are forced to the conclusion that the order appealed from should be reversed.

Order of the county judge reversed and the prayer of the petitioner denied, with costs.