PEOPLE ex rel. EARWICKER v. DILLON et al.

(Supreme Court, Appellate Division, Second Department. March 7, 1899.)

JUSTICES OF THE PEACE—VACATING OFFICE.

Gen. Laws, c. 20, § 160, provides that the supervisor, town clerk, and justice of the peace shall constitute the town board in each town, which board is authorized to audit accounts of the justice as well as the town clerk, and allow each a certain sum per day for time spent in the service of the town. *Held* that, where a justice accepts the office of town clerk, he vacates the office of justice of the peace; the offices being incompatible.

Goodrich, P. J., dissenting.

Appeal from special term.

Application by the people, on the relation of Charles Earwicker, against Michael J. Dillon and others, constituting the town board of the town of New Rochelle, for a peremptory writ of mandamus. From a final order refusing the same, relator appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

R. McKinlay Power, for appellant.

Michael J. Tierney, for respondents.

WOODWARD, J. Some time prior to March, 1898, Augustine Smith was elected as a justice of the peace of the town of New Rochelle. On the 29th day of that month, and while holding the office to which he had previously been elected, Mr. Smith was chosen by the electors of the town of New Rochelle as town clerk. This latter office Mr. Smith accepted, and the relator claims that by this act the office of justice of the peace became vacant; and he asks for a writ of mandamus to compel the town board to meet and fill such vacancy as provided by law. The question presented is whether the two offices are incompatible, within the meaning which the courts have given to that word. It is conceded that there is no vacancy, within the provisions of chapter 681 of the Laws of 1892, which prescribes the conditions under which all offices shall be deemed vacant; but it is urged that by accepting the second office the first became vacant, by reason of the incompatibility of the two. There is no doubt that considerations of public policy justify the courts in holding that the acceptance of a second office, incompatible with the first, operates to produce a vacancy in the latter, although there seems to have been great reluctance on the part of judicial tribunals to reach this conclusion in the presence of the actual question. In the case of Com. v. Kirby, 2 Cush. 577, the court say:

"No incompatibility, as to holding the two offices of justice of the peace and constable, being declared in direct terms by the constitution or by any statute of the commonwealth, we are not prepared to say that the acceptance of the office of constable by a justice of the peace would vacate the latter office."

The court adds, however, that:

"A very different case would be presented if the defendant had attempted to exercise the two functions, of a justice of the peace, in issuing a warrant, and of a constable, in serving the same warrant."

Just what difference it would have made, in determining the question which the court was considering, it is difficult to say, but it indicates that there was a degree of uncertainty on the question of the real effect of accepting the second office.

Ang. & A. Corp. (11th Ed.) § 434, says:

"A resignation by implication may not only take place by an abandonment of the official duties, as before mentioned, but also by being appointed to and accepting a new office incompatible with the former one. It was supposed at one time that such a resignation could only be where the second office is superior to the former. It has, however, been determined to be unimportant, and that, if one holding a superior office accept a subordinate one that is incompatible, the appointment to the second operates to vacate the former. * * * Where the officers are not in fact incompatible, acceptance of a second may be a resignation of the first, on account of the form of the contitution; for it is not to be presumed that, when the government constitutes a certain number of distinct offices, it means that the corporation may consolidate two or more of them in one person."

In the case of Milward v. Thatcher, 2 Term R. 81, 87, the court held that:

"If the corporation consist of a mayor, recorder, town clerk, and twelve aldermen, the recorder or town clerk cannot be an alderman, though there be no inconsistency in the duties of the two officers; for such a method of elect-ing would reduce the corporation to a mayor and twelve or thirteen other officers, instead of fourteen, of which it ought invariably to consist." Willc. Mun. Corp. 243.

Under the provisions of chapter 20 of the General Laws (Town Law, § 160), "the supervisor, town clerk, and justice of the peace, or any two of such justices, shall constitute the town board in each town." This town board is authorized to audit the accounts of the justices of the peace, as well as the town clerk, both of whom are allowed two dollars per day for each day actually and necessarily spent in the service of the town (section 178), besides certain fees. The respondent Smith, if permitted to hold both of these offices, may either have two votes in deciding upon his own claims before the town board, or the town board must be deprived of the full number of members provided for by law. In either event, considerations of public policy would be overlooked for the personal aggrandizement of the individual. Smith might be drawing a salary of two dollars per day while serving on the town board as town clerk, at the same time that he was drawing an equal amount for performing his duties as a justice of the peace in the same body, and while conserving his own interest as a member or members of the auditing board. There are other matters in which the duties of the two officers are incompatible in a measure, but none of them in which considerations of public policy so obviously demand that the two offices should be separated. In People v. Carrique, 2 Hill, 93, it was held that the appointment of a person to a second office, incompatible with the first, is not absolutely void, but, on his subsequently accepting the appointment and qualifying, the first office is ipso facto vacated. This was a case in which the question arose over the appointment of a justice of the peace to the office of justice of the justice's court of the city of Hudson, and the case went no further than the general assertion of the proposition stated,

and it gives little aid in the solution of the question involved here. Dill. Mun. Corp. (4th Ed.) § 227, says:

"Whether offices are incompatible depends upon the charter or statute, and the nature of the duties to be performed. The same man cannot be judge and minister in the same court, and hence the offices are not compatible. Where the recorder is an adviser to the mayor, the two offices cannot be held together." Citing Willc. Mun. Corp.

In Bryan v. Cattell, 15 Iowa, 538, the rule was laid down that:

"Incompatibility in offices exists where the nature and duties of the two offices are such as to render it improper, from considerations of public policy, for one incumbent to retain both."

This seems to have been the long-accepted rule; for in 7 Bac. Abr. tit. "Offices and Officers," p. 314, we are told that:

"The corporation of Hastings consists of a mayor, twelve jurats, freemen, and a town clerk, which latter is elected by the others, and the jurats sit as judges in a court of record, and hold pleas of the crown; and any two of them, with the mayor, may hold a court, but all the jurats have a right to attend as judges without being summoned. It was holden that the acceptance of the office of town clerk, though an inferior office, vacated that of jurat, for that these two offices were incompatible, notwithstanding there were several instances within the borough of their having been vested in the same person."

Again he says, on the same page:

"So, also, it was held that the offices of town clerk and alderman in the borough of Weymouth were incompatible; for the power of removing the town clerk being in the mayor, aldermen, and bailiffs, he would, as alderman, have to vote on the question as to his own motion. And the mayor, aldermen, and bailiffs having the power of varying or discontinuing the town clerk's salary, he would, as alderman, have to vote, also, on that question."

The duties of the town board are in this respect much the same as the duties of a board of aldermen. They are the auditing board for town accounts. The town clerk and justices of the peace being members of that body, it is obviously against public policy that the two offices should be held by one individual.

The order appealed from should be reversed, and the peremptory writ of mandamus should issue.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur, except GOODRICH, P. J., dissenting.

GOODRICH, P. J. I dissent from the opinion of Mr. Justice WOODWARD, for three reasons:

1. There is no statute declaring Smith's office of justice of the peace "vacant" because while such justice he accepted the office of town clerk. Therefore I think mandamus does not lie until a vacancy has been declared in a proper proceeding for that purpose. People v. Board of Trustees, 59 Hun, 204, 206, 13 N. Y. Supp. 447, affirmed without opinion in 128 N. Y. 657, 29 N. E. 148. See, also, Cronin v. Stoddard, 97 N. Y. 271, and Foot v. Stiles, 57 N. Y. 399.

2. I do not think the offices are incompatible because the justice of the peace and the town clerk are members of the town board, and that board audits the compensation of both officers. This is also the case as to the compensation of the town clerk or a justice, when either holds that office alone. The town board, of which such officer is a member, must audit the account of such officer, he being one of its

members, as directed by sections 160 and 172 of the town law. So, also, section 58 recognizes the right of a justice of the peace to hold the office of supervisor; and, as the supervisor is a member of the town board, he is not forbidden to act as a member of such board in auditing his own accounts as a justice of the peace.

3. I should be influenced by the suggestion that the policy of the law forbids the holding of two offices by one person, if it were not that there is no such statutory provision applicable to the offices of justice of the peace and the town clerk, and that the contrary right of a justice of the peace to hold another office, viz. that of a supervisor, is expressly recognized by section 58 of the town law.

I think the order should be affirmed.