(37 Misc. Rep. 401.)

## PEOPLE ex rel. FALK v. DIKE.

### SAME v. GUDEN.

(Supreme Court, Special Term, Kings County.    March, 1902.)

SHERIFF DE FACTO.

    An intruder into a public office cannot, when his acts are called in question, justify by the mere fact that he is in possession, or by force came into possession, of the books or belongings of the office.

Applications by the people, on the relation of Jacob W. Falk, for writs of habeas corpus against Norman S. Dike and Charles S. Guden. Relator discharged from custody of defendant Dike, and remanded to custody of defendant Guden.

The relator was detained in custody by the respondent Dike claiming to act as sheriff of Kings county, who produced him in answer to the writ and made return that he detained him under an execution against his person in a civil action. It was conceded that the writ was served before the relator had been taken to the jail, and that he was not taken there.

To this return a traverse was filed that the respondent Dike was not the sheriff of Kings county, but that Charles Guden was and is such sheriff; and thereupon exhibits and admissions of counsel were received to the effect that Guden was elected sheriff and entered into the office on January 1, 1902, for a term of two years; that thereafter charges were made against him before the governor of the state who after hearing him thereon made a certificate purporting to remove him from such office on March 7, 1902, and thereupon made a certificate purporting to appoint the respondent Dike in his stead.

The said charges were in relation to promises to secure the influence of certain persons in his canvass.

The same relator was also on the same day taken in under the same execution by Charles Guden claiming to act as such sheriff, who also produced him on the said day in answer to the writ and made the same return, which was traversed to the effect that he was not sheriff but that Dike was, whereupon the same admissions and exhibits were received.

The relator after the returns and traverses had been made orally was admitted to bail. The last part of the return of the respondent Dike has reference to this bail.

The cases were heard together.

J. A. Burr, for respondent Dike.

J. A. Wernberg, for respondent Guden.

C. H. Hyde and W. S. Shanahan, for relator.

Alfred E. Sander, for a judgment creditor.

Ira Leo Bamberger, for a judgment creditor.

GAYNOR, J.    This relator cannot be held by both of these respondents on the same process.   One or the other of them must be a trespasser against him and liable in damages to him therefor.   I cannot remand him to the custody of each of them, but only to that of one of them.   Each of these respondents is arresting persons, making sales, and doing other acts, as sheriff, greatly to the annoyance of the courts and judges of the county, and to the public.   They cannot both be sheriff of Kings county at the same time.   There can be only one sheriff of such county in law and in fact at the same time; and it has already been decided in the proceeding "In the Matter of Charles Guden" for the books and papers of the office that

he is such sheriff. Guden v. Dike, 75 N. Y. Supp. 786. See, on appeal (Sup.) 75 N. Y. Supp. 794.

The contention of counsel for respondent Dike that he is at least sheriff de facto is without foundation. It is impossible in law for there to be two sheriffs of the county acting at the same time, one de jure and the other de facto. One of them must be an intruder or usurper. Boardman v. Halliday, 10 Paige, 223; Cronin v. Stoddard, 97 N. Y. 271; Throop, Pub. Off. §§ 641, 644. And the mere intrusion into public office does not suffice to make the intruder an officer de facto. The doctrine of officer de facto has no application to a case like the present. "It applies for the protection of third persons or the public, who have acquired rights upon the faith of an appearance of authority and who will be harmed by the actual truth. It does not apply where the official action is challenged at the outset and before any person has been or can be misled by it, and where no rights have, as yet, accrued upon its faith, either of a public or private character." Williams v. Boynton, 147 N. Y. 426, 42 N. E. 184; People v. Peabody, 6 Abb. Prac. 228; Throop, Pub. Off. § 649. An intruder into a public office cannot when his acts are called in question justify by the mere fact that he has possession or is by force taking possession of the books or belongings of the office. Much more than that is necessary. The doctrine was not established for his advantage at all, but for the benefit of third persons and the public. Nor is possession of any particular room possession of the office of sheriff. The political office of sheriff does not consist of a room or rooms. The narrow meaning of a room as an office must not be confused with the meaning of the words public office. The sheriff may establish his place of transacting business at any place he may select at the county seat. County Law, § 184.

The case of Goldfarb which is before me in the same way on two writs of habeas corpus against these two respondents, was heard with this case, and must be decided in the same way.

The relator is discharged from the custody of the respondent Dike and remanded to the custody of the respondent Guden.