In the Matter of the Application of WILLIAM D. FITZGERALD, Respondent, for an Order Requiring CHARLES KEENAN, Appellant, to Deliver to Said WILLIAM D. FITZGERALD, as Clerk of the City of Olean, N. Y., the Books and Papers Appertaining to the Office of the Clerk of the City of Olean, under the Provisions of Title XIII, Chapter 17 of the Code of Civil Procedure.

*Delivery of the books and papers pertaining to a public office — right of a common council to withdraw a consent previously given to the appointment of a city officer — effect of its rejection of a bond tendered by such appointee.*

Section 2471a of the Code of Civil Procedure, authorizing a public officer to maintain a proceeding to compel the delivery to him of the books and papers pertaining to the office, can only be invoked where the petitioner has a clear *prima facie* title, free from reasonable doubt, to the office.

The title to the office is not affected by the decision rendered in the proceeding.

The charter of the city of Olean (Laws of 1893, chap. 478, as amd.) provides by sections 6 and 7 thereof that the office of city clerk shall be appointive and that the term of such office shall be two years.

Section 26 of such charter provides that the mayor shall nominate, and with the consent of the common council appoint, all appointive officers.

Section 14 of the charter provides: "Every person so elected or appointed, who neglects for fifteen days after his election or appointment, to give the bond or security required by law, or under the provisions of this act, to take and file the oath of office, shall be deemed to have declined the office and it shall be vacant. * * * Every officer shall hold his term of office until his successor shall have been elected or appointed and shall have qualified, unless his office has become vacant."

March 2, 1903, the term of office of one Keenan, an appointive officer, having expired, the mayor of the city appointed to that office one Fitzgerald, and the appointment was confirmed by the common council. Within fifteen days after his appointment Fitzgerald took and filed his oath of office and also tendered the bond required by law. The common council took no action regarding the bond until March 20, 1903, when they passed a resolution disapproving the bond and rescinding their consent to Fitzgerald's appointment.

In a proceeding instituted by Fitzgerald against Keenan under section 2471a of the Code of Civil Procedure to compel the latter to deliver to him the books and papers belonging to the office, it was

*Held,* that Fitzgerald had as against Keenan established a *prima facie* title to the office free from reasonable doubt and that he was entitled to the possession of the books and papers;

That the resolution of the common council purporting to withdraw their consent to Fitzgerald's appointment was *ultra vires,* and did not terminate Fitzgerald's appointment or render it void from the beginning;

That the failure of the common council to act upon the bond tendered by Fitzgerald, until after more than fifteen days had elapsed, since his appointment, did not deprive him of his office or render the office vacant;

That Fitzgerald having once become invested with the office, Keenan was thereby superseded and was not in a position to insist that Fitzgerald was not entitled to assume the duties of that office until he had filed a bond satisfactory to the common council.

APPEAL by Charles Keenan from an order of the County Court of Cattaraugus county, entered in the office of the clerk of said court on the 6th day of May, 1903, directing him to deliver to the petitioner, William D. Fitzgerald, the books and papers pertaining to the office of the clerk of the city of Olean.

*M. B. Jewell*, for the appellant.

*Fred. L. Eaton* and *Dana L. Jewell*, for the respondent.

All concurred.

Order affirmed, with costs, upon opinion of THRASHER, J., county judge of Cattaraugus.

The following is the opinion of THRASHER, J., county judge:

THRASHER, J.:

This proceeding is instituted by the petitioner, William D. Fitzgerald, under section 2471a of the Code of Civil Procedure, to compel Charles Keenan, who is acting as the clerk of the city of Olean, to deliver to the petitioner the books and papers pertaining to that office; and is based upon the claim of Fitzgerald that he has heretofore been duly appointed and has duly qualified as such officer and is entitled to the books and to exercise the duties of the office as against Keenan, who withholds from him such books and papers. The defendant, on the papers, denies the right of Fitzgerald to hold the office and asserts his own right, claiming that he has been duly installed therein under a valid appointment for a term which has expired, and is entitled to continue in the office and in the possession of the books and papers until a successor has been duly and legally appointed and qualified, which he asserts has not happened in the case of Fitzgerald; and, making that issue, he challenges the petitioner's right to maintain this proceeding because it involves the

question of the title to the office, which cannot be tried summarily, but only directly by appropriate action for that purpose.

It is too well settled to require discussion that this statute can only be put in operation as against an incumbent in the office where the petitioner had a clear *prima facie* title, free from reasonable doubt, but it is also settled that in a case free from such doubt in respect to the title to the office, it is the duty of the court to protect the party elected or appointed to the office against the unlawful withholding by his predecessor of the books and papers of the office. (*Cobee* v. *Davis*, 8 How. Pr. 367.)

The trial of the title to the office is not the question involved in such cases; the title remains wholly unaffected by the determination of the proceeding under this statute; but it becomes necessary in such a proceeding between rival claimants for the same office, to look into the question of title so far as to enable the judge to determine properly the questions involved, and if the right of the petitioner is not free from any reasonable doubt, the summary relief provided by the statute in question under these proceedings must be denied; but if the title of the petitioner is free from reasonable doubt, he is absolutely entitled to the assistance which the statute contemplates. (*People* v. *Allen*, 42 Barb. 203.)

As was said by Justice LEONARD in the case cited : " The title remains wholly unaffected by the decision of the justice upon the question upon which the law requires him to pass, when a proper case is presented by proceedings under this statute. If the justice could be excluded from taking cognizance of the right of an applicant for the possession of books and papers, in every case where a plausible argument could be raised, or where the right or title to the office might depend upon evidence to be adduced by the rival claimants, discarding in the case of an elective office, the certificate of election, and permitting oral testimony of fraud or irregularity in conducting the election, to raise a doubt in his mind, in favor of the party withholding the official books; there would be few cases where relief could be afforded and the statute would virtually become obsolete and of no effect."

Then if the petitioner has shown what is equivalent to a certificate of election and has qualified, he is, as against Keenan, entitled to the books and to the aid of the court to put him in possession.

(*Matter of Bradley*, 141 N. Y. 527; *Matter of Sells*, 15 App. Div. 571; *Matter of Dudley*, 33 id. 465.)

In the case last cited the court said : " If it can be said that the petitioner has produced a certificate of appointment from the proper officer and has furnished proof that he has taken the constitutional oath of office and filed the same and given the necessary undertaking, he has undoubtedly established a *prima facie* if not an absolute right to the possession of the books and papers pertaining to his office." (Citing *Matter of Foley*, 8 Misc. Rep. 196 ; 28 N. Y. Supp. 611.)

The facts in this case, so far as they are material to the question of Fitzgerald's title, are without dispute. Keenan was appointed city clerk on February 20, 1900, duly qualified and entered upon the duties of his office and has ever since been and now is in the discharge of such duties. His term was for two years as provided by the charter, and since February, 1902, he has been holding over as it is provided by the charter he shall, because, up to the time of the appointment of Fitzgerald, no successor to him had been appointed.

Fitzgerald was appointed on March 2, 1903, by the mayor, and such appointment was at a regular meeting of the common council on that day duly and properly confirmed ; on the 9th day of March, 1903, he filed with the clerk of the city the constitutional oath of office, and also filed such oath with the clerk of the county of Cattaraugus as required by the charter. On the 11th day of March, 1903, and within fifteen days of his appointment, he filed with the clerk a bond or undertaking, executed by himself and the United States Fidelity and Guaranty Company, a corporation authorized by its charter to guarantee the fidelity of persons holding places of private or public trust, and authorized to do business in this State under the laws of this State, in the sum of $50,000, conditioned for the faithful performance of the duties of said office by the petitioner. No action whatever was taken by the common council regarding said bond, until March twentieth, more than fifteen days after such appointment, when at an adjourned meeting of the said council, a resolution was adopted which will be later quoted, and which among other things recited that said bond " is disapproved and rejected." The said resolution which " disapproved and

rejected" said bond, as it appears on the minutes of the said common council, reads as follows : " Moved by Ald. Bevins : That the common council rescind the action heretofore taken upon the nomination by the mayor of W. D. Fitzgerald for the office of clerk of the city of Olean, and they reject and disapprove said nomination, and refuse to approve said nomination of W. D. Fitzgerald and reject the same, and that no action be taken to receive the bond offered by him, and the same is disapproved and rejected."

At the meeting at which said resolution was adopted, Fitzgerald caused to be filed with the common council the notices marked as Schedules G and H attached to the petition — one informing said council that he was present as their duly elected clerk, and ready to perform the duties of the office, and asking to be allowed to perform such duties, and the other asking them to specify regarding the bond required of him, as to form, amount, manner of execution and sufficiency of sureties, and stating that he was ready to comply with their requirements, in that regard, and to execute and file such bond. No action whatever appears to have been taken in regard to such notices, but on March twenty-fourth, at a regular meeting of said common council, Fitzgerald tendered and filed a new bond which was executed by himself and said surety company, and a resolution was then offered for its approval, whereupon, the mayor, presiding, referred the resolution to the fire committee and the city attorney. No further action was taken in said matter until at a regular meeting held on the thirty-first day of March the report of the fire committee and city attorney were received, the committee reporting that "the undertaking (the new bond of Fitzgerald) is proper in form, but as to whether the Surety Co. is solvent we know not, and recommend that the bond be not approved." The city attorney reported as to such new undertaking : " I find the same proper in form and properly executed by the principal and surety and I have investigated and ascertained that the said surety company is authorized to transact business of a surety company in the State of New York." By a resolution then enacted both said reports were adopted. No formal notice was given to Fitzgerald of the rejection of said new bond, but on the fourteenth day of April following he caused to be executed and filed another bond with individual sureties in the same penalty and conditioned as the previous

one. Such bond has neither been approved nor disapproved and no action has been taken by the common council regarding the same.

On April sixteenth Fitzgerald demanded the books and papers of Keenan, who refused and still refuses to deliver the same.

Whether on these facts Fitzgerald has made a *prima facie* case establishing his title to the office and entitling him to the possession of the books and papers of the office, as against Keenan, is the question presented.

Two objections are urged by Keenan: *First*, that the resolution of March twentieth, in terms rescinding the resolution which had approved Fitzgerald's appointment, was effective to recall the consent of the common council, and vitiate the appointment from the beginning, or that it was effective as an order removing him from office. *Second*, that even if such appointment and approval are valid and survived the rescinding resolution of March twentieth, that the appointee's bond has never been approved by the common council, without which approval he is not entitled to take the office, or come into the possession of the books and papers appertaining to the office.

The charter of the city of Olean (Laws of 1893, chap. 478) provides that the office of clerk shall be an appointive office and that the term of such office shall be two years. (§§ 6, 7.) * The mayor shall nominate, and with the consent of the common council, appoint all appointive officers. (§ 26.) " Any person elected or appointed to any office under this act, before entering upon the same, shall take the oath prescribed by the Constitution of this State, and file the same with the clerk of the city. The * * * clerk shall * * * also file a like oath with the clerk of the county of Cattaraugus. Every person so elected or appointed, who neglects for fifteen days after his election or appointment, to give the bond or security required by law, or under the provisions of this act, to take and file the oath of office, shall be deemed to have declined the office and it shall be vacant. * * * Every officer shall hold his term of office until his successor shall have been elected or appointed and shall have qualified, unless his office has become vacant." (§ 14.)

---

* As amd. by Laws of 1895, chap. 695, and Laws of 1901, chap. 10.— [Rep.

On March 2, 1903, Keenan's term of office had long expired and the office was vacant for the purpose of a new appoinment, and by section 22 of the charter * express power is given the mayor to fill the vacancy by appointment with the consent of the common council.

It, therefore, appears that the appointment of Fitzgerald, made and confirmed March 2, 1903, was in all ways regular, and was followed by the filing of the oath and the giving of the bond required, within the fifteen days of his appointment. The giving of a bond is not made a condition precedent to his taking the office, but after March 9, 1903, Fitzgerald was the clerk and Keenan was out. If Fitzgerald had failed to file his oath and bond for fifteen days, the office would, by the charter, become vacant, but Fitzgerald did file his bond on the eleventh of March. He had previously, and on March ninth, filed his oath. He had performed on his part every act which the charter required of him to indicate his acceptance of the office. The rescinding resolution was March twentieth. It could not have the effect of removing Fitzgerald from office if he was in. That was not its purport or intent; nor can it have that effect, even if the council have the power given by the charter to remove summarily without a hearing. The council probably had no such power. (See §§ 23, 24.†)

I think the council had no power by any resolution it might enact March twentieth to withdraw and annul the consent to this appointment, previously given on March second, nor could the mayor and council together, at that time, annul or recall that appointment and make it void from the beginning. By the charter the appointee holds for a definite term; he had been vested with the office, and if he was to be deprived of it it must be by removal in the manner provided by the charter.

It was said in *Achley's Case* (4 Abb. Pr. 37) : "The exercise of the power of appointment to office is a purely executive act, and when the authority conferred has been exercised it is final for the term of the appointee. * * * Laws or acts of the Legislature in the nature of laws are repealable at the will of the law-maker, subject to the inhibition in the Constitution of the United States that no

---

* As amd. by Laws of 1898, chap. 142.— [REP.

† As amd. by Laws of 1901, chap. 10.— [REP.

law shall be passed impairing the obligation of contracts.    *   *   *
No such power exists in reference to appointments to office.    When
the act is performed it is irrevocable." (See, also, *Marbury* v.
*Madison*, 1 Cranch 137; *People ex rel. Mosher* v. *Stowell*, 9 Abb.
N. C. 456.)

Nor do I think that the provisions of subdivision 49 of section 82
of the charter, defining the powers of the common council, aid the
defendant in his contention, or that it can be fairly said that there is
therein contained a grant of power to recall or repeal the resolution
in question, consenting to Fitzgerald's appointment.

As to the second objection, it is equally untenable. Fitzgerald
had performed every act to be by him performed, within the
required time to perfect his title to the office. It cannot be that the
common council have the power, by simply neglecting to act until
after the expiration of fifteen days, to deprive the appointee of his
office, or render the office vacant. It is not of much importance
that when the council did act the bond was found technically defec-
tive in form or manner of execution, or as to sufficiency of sureties.
Its rejection then would not have the effect of vacating the office.
The sureties would be still liable on the bond, and a new bond could
be made and filed. No vacancy was declared or produced in any
manner which the law will recognize. Fitzgerald was still clerk,
and might file and was required to file a new bond. Keenan's right
to hold over had been terminated. (See Public Officers Law,* §§ 11,
12, 13, 15; *Cronin* v. *Stoddard*, 97 N. Y. 274; *Foot* v. *Stiles*, 57
id. 399; *People ex rel. Brooks* v. *Watts*, 73 Hun, 404; *Horton* v.
*Parsons*, 37 id. 45.)

The charter provides, as has been shown, that a failure to file the
bond or take the oath for fifteen days shall be deemed a declination
of the office, and it shall be vacant; but the appointee was not put
in default by the neglect to act upon his bond which he filed within
that time. (*People ex rel. Williamson* v. *McKinney*, 52 N. Y.
374.)

It is argued with much insistence that Fitzgerald could resort to
mandamus and in that way procure the approval of his bond and
that such approval must be had before he is entitled to the books.
It is a general rule that the court will not order by writ how the

* Laws of 1892, chap. 681, as amd. by Laws of 1894, chap. 403.— [Rep.

council shall act, while it might put them in motion; but I believe that Fitzgerald's title was complete by the giving and filing of his bond, so that Keenan holding over may not deny his title.

To qualify means, ordinarily, to take the oath of office. The charter does not require any other qualification before taking the office, but it does require that a bond shall be given within fifteen days. (*Matter of Bradley,* 141 N. Y. 531.) It is provided in the charter that the common council shall approve such bond. That must mean that the officer shall give such bond as the common council will approve, but the charter is silent as to when such bond shall be approved. It is not required that such approval shall precede the taking of the office, and I conclude that the appointee, having filed his oath and bond, would continue to act rightfully until such approval, and if such bond was rejected, then he must give a new one meeting the requirements of the council. It cannot be that the council may arbitrarily or negligently refuse to act or arbitrarily reject any bond, however sufficient, and thereby keep out of office indefinitely a person regularly and duly appointed and otherwise qualified. But at least it may be said that the office, having once vested in Fitzgerald, Keenan is out and may not so insist. The common council are not a party here, and as against Keenan the petitioner has made a *prima facie* case, and, as I think, beyond a reasonable doubt, entitling him to the possession of the books and papers.

The excuse presented by the aldermen who join in an affidavit read in opposition to this motion, for their action in attempting to withdraw their consent to the appointment of Fitzgerald, cannot avail here. By the approval of the common council they certified his fitness. If it has since been determined that he is unfit, the way is open for an investigation and for his removal.

The order prayed for must be granted. If the terms of the order are not agreed upon by counsel, it may be settled before me on May fifth, at two o'clock P. M., at my office in Dayton.

# Cases

# FIRST DEPARTMENT

IN THE

## APPELLATE DIVISION,