(39 Misc. Rep. 288.)

## In re DRURY.

(Supreme Court, Special Term, Oswego County. November, 1902.)

1. TOWN OFFICE—VACANCY—FAILURE TO FILE OATH.

The provisions of Laws 1890, c. 569, § 51, that every person elected to a town office shall within 10 days of his election take the oath of office, and file it with the town clerk within 8 days, are directory only, and where a town officer makes and files such oath before his term begins, and before the office has been judicially declared forfeited, no vancancy exists.

2. SAME—ELECTION EXPENSES.

Failure of one elected to a town office to file his verified statement of election expenses within the statutory period does not render the office vacant where no judicial action declaring it forfeited has been taken.

Action by Henry L. Drury under Code, § 2471a, to compel defendant, Lewis P. Taylor, present town clerk in the town of Oswego, to deliver the books and papers of that office to the applicant on the ground that he is the legal incumbent of the office. Granted.

E. J. Mizen and D. P. Morehouse, for applicant.
Brownell & Culkin, for defendant.

WRIGHT, J. The applicant herein was duly elected town clerk of the town of Oswego at the general election held November 5. 1901. He neglected to subscribe and file his oath within the time prescribed by law. He also failed to file his verified statement of election expenses within the statutory period. The town board thereupon, on January 18, 1902, appointed the defendant as town clerk to fill the vacancy, and he now has the books and papers of that office in his possession. Section 51 of the town law (Laws 1890, c. 569) provides:

"Every person elected or appointed to any town office * * * shall, before he enters on the duties of his office, and within ten days after he shall be notified of his election or appointment, take and subscribe * * * the constitutional oath of office, * * * which shall be administered and certified by the officer taking the same, * * * and shall within eight days be filed in the office of the town clerk, which shall be deemed an acceptance of the office; and a neglect or omission to take and file such oath, or a neglect to execute and file, within the time required by law, any official bond or undertaking, shall be deemed a refusal to serve. and the office may be filled as in case of vacancy."

On December 21, 1901, prior to the appointment of the defendant as town clerk, and prior to the time when the applicant's official term of office began, the applicant took and filed the constitutional oath of office, although it was done some days subsequent to the time prescribed by statute. The defendant claims that the omission to take the oath within the statutory period constituted of itself a

vacancy in the office, and that the subsequent action of the applicant in taking and filing the oath had no force or validity. The applicant urges that the statute fixing the time for filing the oath is directory only, and not mandatory, and that, consequently, the fault was cured by the subsequent filing. The omission to file the oath was, at the expiration of the statutory period, prima facie evidence of a "refusal to serve" on the part of the applicant; but when the members of the town board convened to make an appointment they found the oath on file, and knew from that fact that the applicant had not actually "refused to serve." The conflict of authorities on the question at issue is quite interesting. In the states of California, Kansas, Florida, Virginia, Mississippi, and Nebraska the courts, in construing statutes similar to this one, hold that provisions relating to the time of filing the oath or a bond are as mandatory as the provisions relating to the fact of filing, and that the statute is self-executing, so that an omission to file the oath or a bond within the exact period causes a vacancy of the office without an adjudication by the court. But in the states of Illinois, Missouri, Indiana, New Jersey, Alabama, Oregon, Louisiana, and Washington the courts hold that the provision relating to the fact of filing is mandatory, but that the provision relating to the time of filing is only directory; and, consequently, that the omission of exact compliance respecting time does not cause, ipso facto, a vacancy, but only constitutes a legal basis of defeasibility for judicial action, and, consequently, that a vacancy occurs only after the judgment of a court in an appropriate action brought against the officer has declared that he has forfeited the office. State v. Ruff (Wash.) 29 Pac. 999, 16 L. R. A. 140; State v. Lansing (Neb.) 64 N. W. 1104, 35 L. R. A. 124. The current of authority in this state accords with this latter view. This view is expressed by Judge Merwin in People v. Watts, 73 Hun, 404, 26 N. Y. Supp. 280, and in cases therein cited. Mechem on Public Officers lays down the general doctrine as follows:

"Failure to give a bond within the time prescribed does not work a forfeiture, even though a statute expressly provides that upon the failure to give the bond within the time prescribed the office shall be deemed vacant and may be filled by appointment." Section 266.

This doctrine is cited with approval by Judge Hoyt in State v. Ruff, supra. In Cawley v. People, 95 Ill. 249, it is held that this rule prevails where the statute provides that the person in default shall be "deemed to have refused" his office, or that the office shall become vacant. So a statute which says an "office shall be deemed absolutely vacant" on failure to file a bond within a specified time was held not to vacate the office ipso facto by such failure, but merely made such failure a cause of forfeiture through a judicial proceeding brought for that purpose. State v. Toomer, 7 Rich. Law, 216. In 1 Dill. Mun. Corp. (4th Ed.) § 214, it is said:

"Statutes requiring an oath of office and bond are usually directory in their nature, and, unless the failure to take the oath or give the bond by the time prescribed is expressly declared ipso facto to vacate the office, the oath may be taken or the bond given afterward, if no vacancy has been declared."

See, also, In re Taylor, 25 Abb. N. C. 143, 11 N. Y. Supp. 189.

It has also been held that a statute providing that a person shall "forfeit the office" to which he may have been elected by acting therein without having given the required bond does not make the office vacant without a proceeding to declare it so, where such cause of forfeiture exists. Foot v. Stiles, 57 N. Y. 399; Cronin v. Stoddard, 97 N. Y. 271. Therefore, according to the current authority of this state and the weight of authority in other states, it must be held that, since the applicant took and filed his oath prior to the beginning of his official term, and prior to the appointment of Mr. Taylor by the town board, the applicant did not forfeit his office by the technicality of his failure to act within the statutory period.

With respect to the objection that the applicant omitted to file his verified statement of election expenses within the statutory period, it is conceded that no forfeiture of the office existed in the absence of judicial action declaring it forfeited.

Since no vacancy existed when the town board made the appointment, it follows that its action was void, and that this motion must be granted. No costs are allowed.

Motion granted; no costs.