THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEROY J. BROOKS, Respondent, v. CHARLES H. WATTS, Appellant.

*Town excise commissioner — the oath under chapter 163 of the Laws of 1890 may be taken before the town clerk — time of filing — vacancy in office — effect of chapter 569 of 1890.*

The test oath required by section 3 of chapter 163 of the Laws of 1890, to be made and filed by a town excise commissioner, that he is not interested in the manufacture or sale of liquors, can properly be taken before the town clerk.

The provision of that act, that the oath therein prescribed shall be taken before "an officer duly authorized to take the acknowledgment of deeds," is directory, and does not prevent the oath being taken before any officer authorized to administer oaths.

*Semble,* that an oath under said act, chapter 163 of 1890, taken by a person duly elected to the office of commissioner of excise after the passage of the act, is not open to the objection that it was filed too late, if filed at any time before proceedings are taken to declare a vacancy in the office.

*Semble,* that any defect or omission in regard to the official bond or oath of a person duly elected to the office of town excise commissioner, at most makes his title to the office defeasible, and affords cause for forfeiture of the office, but it does not create a vacancy — that can only be effected by a direct proceeding for that purpose.

*Semble,* that the Town Law (Chapter 569 of the Laws of 1890) was not designed to be retroactive, and that the provisions of section 51 thereof, in reference to vacancies in office by reason of the neglect or omission of a person elected to a town office to make and file an oath of office and bond, were not intended to change the rule on the subject as it existed under the Revised Statutes.

APPEAL by the defendant, Charles H. Watts, from a judgment of the Supreme Court, entered in the office of the clerk of Chenango county on the 20th day of March, 1893, upon a verdict rendered at the Chenango Circuit directed by the court in favor of the relator and against the defendant; also from an order entered in said clerk's office on the 14th day of March, 1893, denying a motion for a new trial made upon the minutes.

The action was brought to remove the defendant from the office of excise commissioner of the town of Norwich. The judgment was that the defendant "was guilty of usurping and intruding into and unlawfully holding and exercising the office of excise commissioner of the town of Norwich, Chenango county, N. Y., and that he be ousted and excluded therefrom."

*John W. Church* and *W. B. Leach*, for the appellant.

*Howard J. Newton*, for the respondent.

Merwin, J. :

At the annual town meeting of the town of Norwich on the 17th day of February, 1891, the relator, LeRoy J. Brooks, was duly elected to the office of commissioner of excise. This was shown by the record of the proceedings of the town meeting signed by the officers who presided at the meeting and by the town clerk and filed in the office of the town clerk. (2 R. S. [8th ed.] 885, § 19; *Matter of Baker*, 11 How. Pr. 431; *People* v. *Zeyst*, 23 N. Y. 141.)

On the 23d of February, 1891, the relator took and filed with the town clerk the constitutional oath of office. He also at same date executed and filed a bond in accordance, as he claims, but which defendant disputes, with the provisions of chapter 444 of the Laws of 1874, as amended by chapter 459 of the Laws of 1886. On the 13th of July, 1891, the relator filed with the town clerk an oath in form as required by section 3 of chapter 163 of the Laws of 1890. This was sworn to before the town clerk. The defendant claims that the town clerk did not have authority to administer the oath and that it was filed too late. Another oath, sworn to before a notary public, was filed on the 3d of June, 1892. This, the defendant claims, is in form defective and was filed too late.

The relator, upon filing his oath and bond on the 23d of February, 1891, entered upon the duties of the office and so continued until the 6th of June, 1892. On the 4th of June, 1892, the town board passed a resolution appointing the defendant excise commissioner in the place of the relator. The defendant under the resolution qualified, and on the sixth of June took possession of the office and was so in possession at the time of the commencement of this action.

The resolution of the board recited that the relator was elected in February, 1891, and " thereupon took the general oath and filed his bond as required by law, but failed to further qualify by making and subscribing the test oath as required by section 3, chapter 163, Laws of 1890 ;" that the oath filed July 13, 1891, was not taken " before an officer duly authorized to take the acknowledgment of

deeds," as in the act of 1890 provided; that the oath filed June 3, 1892, was not in time. It was then resolved that, the office being vacant by reason of the failure of the relator to qualify to said office as by law provided, the board appoint the defendant to fill the vacancy occasioned by such failure.

By the judgment appealed from the relator is not declared entitled to the office. The only question here, therefore, is whether the defendant was properly appointed. That depends upon whether there was then a vacancy existing which the town board had a right to fill. The relator was in fact in possession of the office and in the performance of its duties and had been for a year and upwards.

The defendant claims that a vacancy existed because (1) the test oath required by section 3 of chapter 163 of the Laws of 1890, was not filed in time and was not taken before the proper officer; and (2) because the bond filed in pursuance of the provisions of chapter 444 of the Laws of 1874, as amended by chapter 459 of the Laws of 1886, was not sufficient in amount. The oath was taken before the town clerk and he was authorized to take it. (Chap. 172, Laws of 1838; chap. 569, Laws of 1890, § 56.) The provision that the oath should be taken " before an officer duly authorized to take the acknowledgment of deeds " was directory and did not prevent its being taken before any officer authorized to administer oaths. (*Ex parte Heath*, 3 Hill, 49; *Canniff* v. *Mayor, etc.*, 4 E. D. Smith, 430; *People ex rel. Mosher* v. *Stowell*, 9 Abb. N. C. 456; 19 Am. & Eng. Ency. of Law, 444.) The act did not specify any particular time within which the oath should be filed by officers thereafter elected. It provided that " a failure to take the oath in this section prescribed shall disqualify any one from holding or debar any one from continuing to hold any office or position mentioned in this act." The oath in proper form was in fact filed long before any proceedings were taken to declare a vacancy. In 1 Dillon on Municipal Corporations (4th ed.), section 214, it is said: " Statutes requiring an oath of office and bond are usually directory in their nature, and unless the failure to take the oath or give the bond by the time prescribed is expressly declared, *ipso facto*, to vacate the office, the oath may be taken or the bond given afterward if no vacancy has been declared." (See, also, *Matter of Taylor*, 25 Abb. N. C. 143.)

The bond was in the sum of $2,000. The defendant claims that

it should have been in the sum of $2,205, that being double the amount of the excise moneys of the previous year as indicated by the report of the supervisor. This objection to the bond is not raised in the order appointing the defendant, and no vacancy is declared on this account. On the contrary, it is there stated that the relator "filed his bond as required by law." The bond as given appears to have been accepted by the supervisor and filed. It ran to the supervisor in accordance with the statute and presumptively he fixed the amount.

According to the current of authority in this State the defect or omission, if any, in regard to the bond and oath, at the most made the relator's title defeasible and afforded cause for forfeiture of the office, but did not create a vacancy. That, it is said, could only be effected by a direct proceeding for that purpose. (*Cronin* v. *Stoddard*, 97 N. Y. 274; *Horton* v. *Parsons*, 37 Hun, 45; *People ex rel. Willson* v. *Board, etc.*, 59 id. 206; *People ex rel. Woods* v. *Crissey*, 91 N. Y. 635.)

No authority is cited showing that in such a case as this the town board had authority to make an adjudication of vacancy.

But it is urged that the rule upon the subject of vacancies has been changed by the provisions of section 51 of the "Town Law" (Chap. 569 of 1890), which provides that the officer elected shall, before he enters upon the duties of the office, and within ten days after he shall be notified of his election, take the constitutional oath of office and such other oath as may be required by law, and that a neglect or omission to take and file such oath, or a neglect to execute and file within the time required by law any official bond or undertaking, shall be deemed a refusal to serve, and the office may be filled as in case of vacancy.

By the statute in force before the passage of the Town Law it was provided that every office should become vacant by refusal or neglect to take the oath of office within the time required by law or to give or renew any bond within the time prescribed by law. (1 R. S. chap. 5, tit. 6, p. 122, § 34; 1 R. S. [8th ed.] 402.) It may be doubted whether there was any design to change the rule on the subject in the revision of 1890.

The Town Law did not take effect until March 1, 1891. That was after the relator was elected and had entered upon the duties of

the office. It is not to be presumed that the Town Law was designed to be retroactive. (*Goillotel* v. *Mayor, etc.,* 87 N. Y. 443.)

In view of the fact that the proper oath was filed long before the town board acted, and that no question was made about the bond, I fail to see any good reason for disturbing the judgment.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order affirmed, with costs.