In the Matter of the Application of HENRY BRADLEY,
.Respondent, to Compel the Delivery of Books, etc., by
WILLIAM H. SULLIVAN, Appellant.

In proceedings under the Revised Statutes (1 R. S. 125, § 51) to compel an
officer whose term has expired to deliver to his successor the books,
papers, etc., appertaining to the office, all that the petitioner is required
to establish is his election, and that he has duly qualified.

Questions as to the validity of the election may not be determined in such
a proceeding.

Under the provisions of the statute in relation to town officers (§ 51, chap.
569, Laws of 1890) requiring every person elected to such an office,
" before he enters on the duties of his office," and within ten days after
notice of his election, to take the prescribed oath of office, and to file
the same within eight days thereafter, where the oath is taken and filed
by one elected as supervisor, this is an acceptance of the office, and his
predecessor thereupon ceases to hold it, and has no further standing as

a member of the town board.   It is for the other members of the board
to pass upon the undertaking of the new member, furnished in compli-
ance with the statutory provision (§ 60) which makes its approval a con-
dition precedent to his right to receive the town moneys, books, etc.
Where, therefore, in such proceeding it appeared that the applicant had
received his certificate of election to the office of supervisor, had filed the
oath of office and that his bond had been approved by the town board, and
it was objected that illegal ballots had been counted for the applicant, and
he had not been elected by a majority of the legal ballots, also that his
predecessor had not been notified and was not present at the meeting of
the town board when the applicant's undertaking had been approved,
*held*, that the objections were untenable, and that the application was
properly granted.

(Argued March 6, 1894; decided March 13, 1894.)

APPEAL from order of the General Term of the Supreme
Court in the third judicial department, made December 8,
1892, which affirmed an order made at Special Term.

This was an application under the statute (1 R. S. 125, § 51)
by Henry Bradley, who had received a certificate of his elec-
tion to the office of supervisor of the town of Minerva, Essex
county, and had filed his undertaking, which had been
approved by the town board, to compel William H. Sullivan,
his predecessor in that office, to deliver over the moneys, books,
papers etc. belonging to such office.   Sullivan objected that
Bradley was not elected by the greatest number of legal bal-
lots and had not duly qualified.   His objection to the election
was based on allegations charging the ballots cast thereat to
have been marked in various ways and his objection to the
qualification was that he was not present at, nor had notice of,
the meeting of the town board at which Bradley's official
undertaking was approved.   The court, at Special Term,
ordered Sullivan to make delivery as demanded and the order
was affirmed at the General Term.   An appeal was then taken
by Sullivan to this court.

*Robert Dornburgh* for appellant.   The proceeding cannot
be maintained where there is a dispute as to the title, and the
title of the applicant must be clear and free from doubt to

enable him to maintain it at any time. The title to an office cannot be tried in this proceeding, and where it is questioned, the statute does not afford the remedy which there is by quo warranto. The aim of the revisers was to give a statutory remedy only when the case was clear that there was a willful or obstinate refusal to deliver. (*Gilroy* v. *Smith*, 23 N. Y. S. R. 5, 15; *Bridgman* v. *Hall*, 16 Abb. [N. C.] 272; *People* v. *Stevens*, 5 Hill, 631.) Sullivan was not notified of the meeting of any of the members of the town board, did not meet with them, and took no part in the approval. He did not sign the approval and had no connection with it. No regular meeting is provided for by law; therefore, the action of the other members was without authority and invalid, for at least all should have been notified and a majority be present. (*Downing* v. *Ruger*, 21 Wend. 172; *Town of Westchester* v. *Davis*, 7 Hun, 647.) The applicant's claim that the question of the title to the office has been finally adjudicated is untenable. (*People ex rel.* v. *Shaw*, 133 N. Y. 493.)

*John Foley* for respondent. Bradley qualified as supervisor in all respects as required by law. (*Foot* v. *Stiles*, 57 N. Y. 399; *People ex rel.* v. *Crissey*, 91 id. 616, 635; *Cronin* v. *Stoddard*, 97 id. 371; Laws of 1890, chap. 569, § 60; Laws of 1866, chap. 78.) It was the duty of the justice to examine the title of the parties respectively so far only as to enable him to act. (*People* v. *Allen*, 42 Barb. 203; *Connover* v. *Devlin*, 24 id. 587; *People ex rel.* v. *Barrett*, 29 N. Y. S. R. 159.)

Gray, J. With respect to the objections raised by Sullivan to the legality of the petitioner's election to office, it suffices to say that it appeared, upon the proofs, that he received a majority of the votes cast at the election in question and had received a certificate of his election from the board of canvassers. That was not only a sufficient showing; but more than was necessary to be shown, provided he had officially qualified

as required by law, to warrant the order in question. In *People ex rel. Bradley et al.* v. *Shaw* (133 N. Y. 493) we had occasion to review objections made to the counting of the ballots cast at the election now questioned, upon the ground that they were marked, and we held that it was the duty of the inspectors to have counted the ballots in declaring the result of the election and we sustained an. order directing a peremptory writ of mandamus to issue, commanding the board of canvassers to re-assemble and to declare the result of the town meeting and to issue a certificate of election to the candidates having the greatest number of ballots cast for them. It appears that the writ was obeyed and, thus, petitioner received his certificate. This is not a proceeding to try the petitioner's title to the office. It is simply a summary proceeding authorized by the statute (1 R. S. ·124, § 50); by which he seeks to obtain the town moneys and the books and papers accompanying the office, and all the petitioner was required to establish was the fact of his election, as evidenced by the proper certificate, and that he had duly qualified. The incumbent of the office, whose term had expired, cannot go into questions underlying the petitioner's election and which he may allege as invalidating it. For such purpose, the proceeding must be direct. The objection that the petitioner has not qualified is untenable. It is ·conceded that he had taken and filed his oath of office; but his predecessor in office claims, under his construction of the statutes, that it was necessary that the undertaking of the supervisor elect should be approved at a meeting of the town board at which he was present, or of which he had notice. He argues that he remained a member of the board until the undertaking of his successor was approved. We cannot so read the provisions of chapter 569, Laws of 1890. By section 51, every person elected to a town office, within ten days after· notification of his election, is required to take his oath " before he enters on the duties of his office" and the filing of it, within eight days, the statute provides, " shall be deemed an acceptance of the office;" and an omission to take and file

such oath, within the time required by law, it is further provided, " shall be deemed a refusal to serve and the office may be filled as in case of vacancy." By section 60 every supervisor " shall, within thirty days after entering upon his office," deliver his undertaking to the town clerk, which shall be presented to the town board for approval, and until approved none of the moneys, books etc. of the town shall be delivered over to the supervisor elect. It is very clear that the law contemplates two steps by the candidate elected to office. The first to be taken is the filing of his oath of office. When that has been done, the office is deemed to have been accepted and that is equivalent to saying that the officer elect has entered upon its duties. It is after so entering upon his office, and within a specified time thereafter, that he is required to execute and submit his undertaking. That he is regarded as in office, when he has filed his oath, is perfectly clear from the provision that neglect to file the oath within the prescribed time causes a vacancy. When he has evidenced in the required manner his acceptance of the office to which elected, his predecessor is out and has no further standing as a member of the town board. It is for the other members to pass upon the undertaking of the new member, as a condition precedent to his right to take over the town moneys, books etc. into his custody.

The order should be affirmed, with costs.

All concur.

Order affirmed.