(15 App. Div. 571.)

## In re SELLS.

(Supreme Court, Appellate Division, Second Department. April 6, 1897.)

OFFICERS—APPLICATION TO COMPEL DELIVERY OF BOOKS.
　　One who has received a certificate of election and has taken the constitutional oath is entitled to the delivery of the books and papers pertaining to such office.

Appeal from special term, Westchester county.

Application by John Sells to compel the delivery of the books and papers belonging to the office of commissioner of jurors in Westchester county, now in the possession of I. Howard Kinch, to which office petitioner claims to have been elected. From an order directing that I. Howard Kinch be committed to the county jail of Westchester county until he delivers to John Sells the books and papers belonging to the said office, the said I. Howard Kinch appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

W. Popham Platt, for appellant.
John F. Brennan, for respondent.

WILLARD BARTLETT, J. This is a proceeding, under section 2471a of the Code of Civil Procedure, to compel the delivery by I. Howard Kinch to John Sells of the books and papers appertaining to the office of commissioner of jurors in the county of Westches-

ter. That office was created by chapter 491 of the Laws of 1892, which provided that the selection and summoning of jurors in the county of Westchester should be performed by a person to be appointed by a board which should consist of the county judge, the sheriff, the district attorney, and the county treasurer of Westchester county, three of whom should constitute a quorum, and three of whom must concur in any appointment to make it valid. The act further provided that the first meeting of the appointing board should be held at an hour and place to be designated by the judge of the county court. As to their meetings after the first, the language of the statute was as follows:

"Subsequent meetings may be called at any time on a previous notice of not less than three days of such meeting, which notice shall be given by the judge of the county court, on the request of any two members of said appointing board, and shall be previously served on each member of said board, or left at his usual place of business or his residence."

It appears without dispute that I. Howard Kinch was duly appointed a commissioner of jurors of the county of Westchester under this act, and that the term for which he was appointed expired on the 1st day of May, 1896. He continued to hold over, however, by reason of the nonappointment of any successor, until January of the present year. On the 5th day of that month the county judge of Westchester received a notice, signed by the county treasurer and the sheriff, requesting him to call a meeting of the board for the appointment of a commissioner of jurors on Friday, which was designated in the notice as the 9th of January. In fact, the 9th of January fell upon Saturday, and Friday was the 8th. The county judge took no action in reference to calling a meeting of the appointing board, and on the 9th he received from the sheriff, district attorney, and county treasurer a notice in writing, signed by them, that a meeting of the board for the appointment of a commissioner of jurors would be held at the village of White Plains on the 12th day of January, 1897, at 10:30 a. m. Being in White Plains on that day, he was asked by the county treasurer if he would attend an adjourned meeting of the board, which he declined to do, but said that, if the other members would come in a room, he would talk the matter over, and see if they could agree upon a day. He subsequently went into the county treasurer's office, where he found the other members of the appointing board. Before entering the room, he said that he declined to recognize the meeting which they had called for that day as a legal meeting, and would not attend it; but, if they wished, he would come in there and talk the matter over with them, and see if there was any possibility of their getting together. Whether anything was said by any person in response to that, the county judge declares that he does not know. In the discussion which followed, another member of the board said: "Suppose we make the appointment to-day." To which the county judge answered: "If you make an appointment to-day, of course, you make it. I don't recognize it as a legal meeting." The parties differ in their recollection as to what happened after this. According to the testimony of the county judge, his

understanding was that he was to meet the other members of the board on the following Monday evening for the purpose of discussing the appointment of a commissioner of jurors, and that, if they then saw a possibility of agreement, they were to organize as a board and make the appointment. His associates, however, seem to have understood that he was not willing to agree upon any time when a formal meeting would be held. The district attorney testified that he said to him finally, as he was going away, "Suppose we make an appointment to-day," and that the judge responded, "I have nothing further to say." The district attorney, the county treasurer, and the sheriff remained in the office, and agreed to appoint John Sells. A certificate of this appointment was duly made and filed in the office of the county clerk of Westchester county, and Mr. Sells subsequently duly qualified by taking the oath and filing the bond required by law.

The provisions of section 2471a of the Code of Civil Procedure, in reference to proceedings to compel the delivery of official books and papers, are substantially the same as the former provisions on the same subject. 1 Rev. St. p. 125, § 51. It is settled by authority, and, indeed, the counsel for both parties on the present appeal agree, that these proceedings were not intended to furnish a method for trying the title to an office. In Re Bradley, 141 N. Y. 527, 36 N. E. 598, the petitioner, Henry Bradley, had received a certificate of election as supervisor of the town of Minerva, in Essex county, and had duly qualified. He sought to compel his predecessor in office to deliver the moneys, books, and papers belonging thereto, and objection was made that the petitioner had not been elected by the greatest number of legal ballots. In affirming an order directing the delivery to be made as demanded, the court of appeals said:

"This is not a proceeding to try the petitioner's title to the office. It is simply a summary proceeding authorized by the statute, by which he seeks to obtain the town moneys and the books and papers accompanying the office; and all the petitioner was required to establish was the fact of his election, as evidenced by the proper certificate, and that he had duly qualified. The incumbent of the office, whose term had expired, cannot go into questions underlying the petitioner's election, and which he may allege as invalidating it. For such purpose the proceeding must be direct."

Since this statutory provision was incorporated into the Code, it has been construed in Re Foley (Sup.) 28 N. Y. Supp. 611, which, although decided at special term, was heard by Mr. Justice Herrick, now of the appellate division in the Third judicial district. There the correct rule in these proceedings is stated to be that:

"Where a person produces a certificate of election, from the proper election officers, of his election to such office, with proof that he has taken the constitutional oath of office, and filed the same, and given the necessary undertaking, where one is required by law, he is entitled to the delivery to him of the books and papers pertaining to such office."

I do not mean to be understood that there may not be cases which would justify a departure from this rule; as, for example, where the undisputed facts presented upon the application show beyond substantial doubt or controversy that the election or ap-

pointment of the person claiming the books and papers was void. But no such condition of things is presented by the record before us. I have set forth the evidence fully enough to show that the question is merely one relating to the regularity of the appointment of the respondent, arising out of the manner in which notice was given of the meeting at which he was appointed. It is clear that his appointment was sanctioned by a sufficient number of members of the appointing board, and that the other member had an opportunity to participate in their action if he had so desired. The majority contend that their action was authorized by the provisions of the statutory construction law (Laws 1892, c. 677, § 19), in reference to the right of a majority of a board of public officers to act where one or more of them refuses or neglects to attend any lawful meeting. It is not clear that they are not right in this position, or that the appointment of the respondent is not valid. He holds the certificate, and has duly qualified. Under these circumstances, the order compelling his predecessor to deliver to him the books and papers belonging to the office of commissioner of jurors was properly made, and should be affirmed. This disposition of the matter in no wise interferes with entire liberty of action on the part of the appellant to institute and maintain appropriate proceedings to establish his own title to the office, if so advised. It merely determines that the respondent has the prima facie right, and therefore should be awarded the custody of the official records.

The order appealed from should be affirmed, with costs. All concur.