### In re DUDLEY.

(Supreme Court, Appellate Division, Fourth Department. October 7, 1898.)

1. MUNICIPAL OFFICERS—APPOINTMENT—CERTIFICATE.

Under Hornellsville City Charter, requiring a certificate of appointment to a city office to be made and filed by the council, a certificate signed by the mayor alone does not show prima facie title to the office.

2, SAME—COUNCIL—RIGHT OF MAYOR TO VOTE.

Under Hornellsville City Charter (Laws 1888, c. 40, tit. 3, §§ 1, 2), providing that the council shall consist of mayor and aldermen, and that in case of a tie the presiding officer shall have a vote, and requiring a majority of all the members to adopt a resolution appointing one to a city office, where 10 of the 12 members are present, and 6 vote for a candidate for such an office, it is not a tie, and the mayor has no vote.

Appeal from Steuben county court.

Application of Horace A. Dudley, city clerk of the city of Hornellsville, to compel Sidney Ossoski to deliver to him the books and papers belonging to the city clerk's office of said city. From an order of the county judge (53 N. Y. Supp. 703) granting the application, respondent therein appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

F. W. Robbins, for appellant.
Milo M. Acker, for respondent.

PER CURIAM. This is a special proceeding instituted pursuant to the provisions of section 2471a of the Code of Civil Procedure, the petitioner claiming to be the city clerk of the city of Hornellsville, and seeking, through the medium of this proceeding, to obtain an order directing his predecessor in office to deliver to him such official books and records as remain in his possession. The petitioner bases his right to the possession of these books and papers upon his alleged appointment to the office of city clerk by a resolution of the common council of the city, and he contends that the record herein establishes his prima facie title to that office. It is undoubtedly true, as claimed by the learned counsel for the respondent, that the section under which these proceedings are brought was not designed as a substitute for the writ of quo warranto for trying title to a public office (In re Sells, 15 App. Div. 571, 44 N. Y. Supp. 570; In re Bradley, 141 N. Y. 527, 36 N. E. 598); and if it can be said that the petitioner has produced a certificate of appointment from the proper officer, and has furnished proof that he has taken the constitutional oath of office and filed the same, and given the necessary undertaking, he has undoubtedly established a prima facie, if not an absolute, right to the possession of the books and papers pertaining to his office (In re Foley [Sup.] 28 N. Y. Supp. 611).

The difficulty, however, which we encounter in this case, is that the petitioner not only fails to establish a prima facie title to his office, but his petition shows quite conclusively that he has no title whatever. In the first place, the certificate of appointment upon which he relies is that of the mayor of the city of Hornellsville alone; whereas, the city charter provides that such certificates shall be made and filed by the common council, no other duty being imposed upon the mayor than that of signing a certificate thus made. Moreover, it appears affirmatively, as we think, that the petitioner was never legally appointed to the office the duties of which he claims the right to discharge.

The city of Hornellsville was incorporated by chapter 40 of the Laws of 1888, and among the provisions of its charter are the following, viz.:

"The common council shall be composed of the mayor and aldermen. The mayor, when present, shall preside at all meetings of the common council, and in his absence, one of the aldermen shall be called to the chair, who shall while presiding, possess all the powers and privileges of the mayor as presiding officer." Laws 1888, c. 40, tit. 3, § 1.

"Each alderman present at any meeting of the common council shall have a vote on every question brought before the common council for its consideration, except as herein otherwise provided; and no alderman shall be excused from voting on any such question except by the concurring vote of two-thirds of all the members present. No person whose election as alderman shall be contested, shall be entitled to vote on any question connected with such contest. The presiding officer, in case of a tie, shall have a casting vote." Id. § 2.

It appears that the petitioner rests his claim of title upon the proceedings of a meeting of the common council held on the 18th day of April, 1898, which was attended by the mayor and 10 aldermen, the board of aldermen consisting of 12 members. At this meeting a resolution was offered which recited that "whereas, there is now no city clerk, except Sidney Ossoski, temporarily discharging the duties of clerk; now, therefore, be it resolved, that Horace A. Dudley be, and he is hereby, appointed such clerk." It is conceded that, of the aldermen present at this meeting, but 6 voted in favor of the resolution, while only 4 voted against the same; and that thereupon the mayor voted in the affirmative, and then declared the resolution carried. It is also conceded that under the charter it required a majority of all the members of the common council, or 7 votes, in order to adopt this resolution; and it would consequently seem that the petitioner's right to the relief sought by this proceeding depends wholly upon the validity of the vote cast by the mayor, without which it is obvious that the petitioner had not sufficient votes to secure this appointment.

The powers of a municipal corporation, as regards the appointment of charter officers, are purely statutory, the officers upon whom such powers are conferred being limited in their exercise to such as are clearly given by the charter; and, it appearing that the charter of the city of Hornellsville confers upon the mayor of that municipality the right to give a casting vote in the event that the other members of the common council are tied in their vote, the implication arises that his voting power can only be exercised under those precise circumstances. We think it was manifestly the design of the legislature, in enacting this charter, to thus restrict the voting power of the mayor, and it would not be difficult to furnish various and sufficient reasons why it should be thus restricted. But the question we are now considering has already arisen and been adjudicated upon a state of facts singularly like those presented by the record in this proceeding, and the conclusion of the learned justice who wrote the opinion in the case referred to not only meets our approval, but the reasoning upon which that conclusion is based is so clear and cogent as to render any further discussion of the question unnecessary. People v. Ransom, 56 Barb. 514.

Regarding, therefore, the doctrine of the case cited as the law of the present case, we are forced to the conclusion that the order appealed from should be reversed.

Order of the county judge of Steuben county reversed, and the prayer of the petition denied, with costs.