## In re FITZGERALD.

(Cattaraugus County Court.　May 1, 1903.)

**1. OFFICERS—APPOINTMENT—REMOVAL.**

The adoption by a city council of a resolution rescinding the confirmation of the nomination by the mayor of one to the office of city clerk, rejecting the nomination, refusing to approve it, and disapproving his official bond, does not have the effect of removing the appointee from office.

**2. SAME—REVOCATION OF APPOINTMENT.**

Under the charter of the city of Olean (Laws 1893, p. 974, c. 478) §§ 6, 7, providing that the office of clerk shall be appointive, and fixing the term thereof at two years, and section 26, declaring that the mayor shall nominate, and, with the consent of the common council, appoint, all appointive offices, the appointment of one to the office of city clerk, duly made by the mayor and council, cannot be recalled or annulled by them.

**3. SAME.**

The city charter (Laws 1893, p. 974, c. 478) § 82, subd. 49, authorizing the common council to make, modify, amend, or repeal ordinances, rules, regulations, by-laws, and resolutions, does not authorize the council to recall or annul such appointment.

**4. SAME—QUALIFICATION OF PERSON APPOINTED.**

Under the charter of the city of Olean (Laws 1893, p. 974, c. 478) § 14, requiring every person appointed to a city office to take the oath of office before entering upon its duties, and providing that every person so appointed who neglects for 15 days to give the bond required by law and file the oath shall be deemed to have declined the office, a person duly appointed to the office of city clerk, who filed his oath of office and the required bond within 15 days from the date of the appointment, is entitled to the office, as against his predecessor, though the city council failed to approve the bond within the 15 days.

Application by William D. Fitzgerald to compel the delivery to him of the books and papers belonging to the office of clerk of the city of Olean.　Granted.

Dana L. Jewell and Fred L. Eaton, for petitioner.

M. B. Jewell, for respondent.

THRASHER, J.　This proceeding is instituted by the petitioner, William D. Fitzgerald, under section 2471a of the Code of Civil Procedure, to compel Charles Keenan, who is acting as the clerk of the city of Olean, to deliver to him the books and papers pertaining to that office, and is based upon the claim of Fitzgerald that he has heretofore been duly appointed and has duly qualified as such officer, and is entitled to the books and to exercise the duties

¶ 2. See Municipal Corporations, vol. 36, Cent. Dig. §§ 342, 343, 344.

of the office, as against Keenan, who withholds from him such books and papers. The defendant, on the papers, denies the right of Fitzgerald to hold the office, and asserts his own right, claiming that he has been duly installed therein under a valid appointment for a term which has expired, and is entitled to continue in the office and in the possession of the books and papers until a successor has been duly and legally appointed and qualified, which he asserts has not happened in the case of Fitzgerald; and, making that issue, he challenges the petitioner's right to maintain this proceeding, because it involves the question of the title to the office, which cannot be tried summarily, but only directly, by appropriate action for that purpose.

It is too well settled to require discussion that this statute can only be put in operation, as against an incumbent in the office, where the petitioner has a clear prima facie title, free from reasonable doubt; but it is also settled that, in a case free from such doubt in respect to the title to the office, it is the duty of the court to protect the party elected or appointed to the office against the unlawful withholding by his predecessor of the books and papers of the office. Cobee v. Davis, 8 How. Prac. 367. The trial of the title to the office is not the question involved in such cases. The title remains wholly unaffected by the determination of the proceeding under this statute. But it becomes necessary in such a proceeding between rival claimants for the same office to look into the question of title so far as to enable the judge to determine properly the questions involved, and, if the right of the petitioner is not free from any reasonable doubt, the summary relief provided by the statute in question under these proceedings must be denied; but, if the title of the petitioner is free from reasonable doubt, he is absolutely entitled to the assistance which the statute contemplates. People v. Allen, 42 Barb. 203. As was said by Justice Leonard in the case cited:

"The title remains wholly unaffected by the decision of the justice upon the question upon which the law requires him to pass, when a proper case is presented by proceedings under the statute. If the justice could be excluded from taking cognizance of the right of an applicant for the possession of books and papers in every case where a plausible argument could be raised, or where the right or title to the office might depend upon evidence to be adduced by rival claimants, discarding in the case of an elective office a certificate of election, and permitting oral testimony of fraud or irregularity in conducting the election to raise a doubt in his mind in favor of the party withholding the official books. there would be few cases where relief could be afforded, and the statute would virtually become obsolete and of no effect."

Then, if the petitioner has shown what is equivalent to a certificate of election, and has qualified, he is, as against Keenan, entitled to the books, and to the aid of the court to put him in possession. Matter of Bradley, 141 N. Y. 527, 36 N. E. 598; In re Sells, 15 App. Div. 571, 44 N. Y. Supp. 570; Matter of Dudley, 33 App. Div. 465, 53 N. Y. Supp. 742. In the case last cited the court said:

"If it can be said that the petitioner has produced a certificate of appointment from the proper officers, and has furnished proof that he has taken the constitutional oath of office, and filed the same, and given the necessary undertaking, he has undoubtedly established a prima facie, if not an absolute. right to the possession of the books and papers pertaining to his office." Citing Matter of Foley (Sup.) 28 N. Y. Supp. 611.

The facts in this case, so far as they are material to the question of Fitzgerald's title, are without dispute. Keenan was appointed city clerk on February 20, 1900, duly qualified, and entered upon the duties of his office, and has ever since been, and now is, in the discharge of such duties. His term was for two years, as provided by the charter; and since February, 1902, he has been holding over, as provided by the charter he shall, because, up to the time of the appointment of Fitzgerald, no successor to him had been appointed. Fitzgerald was appointed on March 2, 1903, by the mayor, and such appointment was at a regular meeting of the common council on that day duly and properly confirmed. On the 9th day of March, 1903, he filed with the clerk of the city the constitutional oath of office, and also filed such oath with the clerk of the county of Cattaraugus, as required by the charter. On the 11th day of March, 1903, and within 15 days of his appointment, he filed with the clerk a bond or undertaking executed by himself and the United States Fidelity & Guaranty Company (a corporation authorized by its charter to guaranty the fidelity of persons holding places of private or public trust, and authorized to do business in this state under the laws of this state), in the sum of $50,000, conditioned for the faithful performance of the duties of said office by the petitioner. No action whatever was taken by the common council regarding said bond until March 20th, more than 15 days after such appointment, when, at an adjourned meeting of the said council, a resolution was adopted which will be later quoted, and which, among other things, recited "that said bond is disapproved and rejected." That the said resolution which "disapproved and rejected" said bond, as it appears on the minutes of the said common council, reads as follows:

"Moved by Alderman Bevins that the common council. rescind the action heretofore taken upon the nomination by the mayor of W. D. Fitzgerald for the office of clerk of the city of Olean, and they reject and disapprove said nomination, and refuse to approve said nomination of W. D. Fitzgerald, and reject the same, and that no action be taken to receive the bond offered by him, and the same is disapproved and rejected."

That, at the meeting at which said resolution was adopted, Fitzgerald caused to.be filed with the common council the notices marked as Schedules G and H, attached to the petition—one informing said council that he was present as their duly appointed clerk, and ready to perform the duties of the office, and asking to be allowed to perform such duties; and the other asking them to specify regarding the bond required of him, as to form, amount, manner of execution, and sufficiency of sureties, and that he was ready to comply with their requirements in that regard, and to execute and file such bond. No action whatever appears to have been taken in regard to such notices, but on March 24th, at a regular meeting of said common council, Fitzgerald tendered and filed a new bond, which was executed by himself and said surety company, and a resolution was then offered for its approval, whereupon the mayor, presiding, referred the resolution to the fire committee and the city attorney. That no further action was taken in said matter until, at a regular meeting held on the 31st day of March, the reports of the fire committee and city at-

torney were received; the committee reporting that "the said un-dertaking [the new bond of Fitzgerald] is in proper form, but, as to whether the surety company is solvent, we know not, and recommend that the bond be not approved." The city attorney reported as to such new undertaking, "I find the same proper in form, and properly executed by the principal and surety, and I have investigated and as-certained that the said surety company is authorized to transact busi-ness of a surety company in the state of New York." By a resolution then enacted, both said reports were adopted. No formal notice was given to Fitzgerald of the rejection of said new bond, but on the 14th day of April following he caused to be executed and filed an-other bond, with individual sureties, in the same penalty and condi-tioned as the previous one. Such bond has neither been approved nor disapproved, and no action has been taken by the common council regarding the same. On April 16th Fitzgerald demanded the books and papers of Keenan, who refused and still refuses to deliver the same.

Whether, on these facts, Fitzgerald has made a prima facie case establishing his title to the office, and entitling him to the possession of the books and papers of the office, as against Keenan, is the ques-tion presented.

Two objections are urged by Keenan: First, that the resolution of March 20th, in terms rescinding the resolution which had approved Fitzgerald's appointment, was effective to recall the consent of the common council, and vitiate the appointment from the beginning, or that it was effective as an order removing him from office; second, that even if such appointment and approval are valid, and survived the rescinding resolution of March 20th, the appointee's bond has never been approved by the common council, without which approval he is not entitled to take the office, or come into the possession of the books and papers appertaining to the office.

The charter of the city of Olean (chapter 478, p. 974, Laws 1893) provides that the office of clerk shall be an appointive office, and that the term of such office shall be two years. Sections 6 and 7. The mayor shall nominate, and, with the consent of the common council, appoint, all appointive offices. Section 26. "Any person elected or appointed to any office under this act, before entering upon the same, shall take the oath prescribed by the Constitution of the state, and file the same with clerk of the city ——— and file a like oath with the clerk of the county of Cattaraugus. Every person so elected or appointed, who neglects for fifteen days after his election or appointment, to give the bond or security required by law, or under the provisions of this act, to take and file the oath of office, shall be deemed to have declined the office and it shall be vacant. Every offi-cer shall hold his term of office until his successor shall have been elected or appointed and shall have qualified, unless his office has be-come vacant." Section 14. On March 2d Keenan's term of office had long expired, and the office was vacant for the purposes of a new appointment; and, by section 22 of the charter, express power is given the mayor to fill the vacancy by appointment, with the con-sent of the common council. It therefore appears that the appoint-

ment of Fitzgerald, made and confirmed March 2d, was in all ways regular, and was followed by the filing of the oath and the giving of the bond required within the 15 days of his appointment. The giving of a bond is not made a condition precedent to his taking the office, but after March 9th Fitzgerald was clerk, and Keenan was out. If Fitzgerald had failed to file his oath and bond for 15 days, the office would, by the charter, become vacant, but Fitzgerald did file his bond on the 11th of March. He had previously, and on March 9th, filed his oath. He had performed on his part every act which the charter required of him to indicate his acceptance of the office. The rescinding resolution was March 20th. It could not have the effect of removing Fitzgerald from office if he was in. That was not its purport or intent. Nor can it have that effect even if the council have the power, given by the charter, to remove summarily without a hearing. The council probably had no such power. See sections 23 and 24. I think the council had no power, by any resolution it might enact March 20th, to withdraw and annul the consent to this appointment previously given on March 2d; nor could the mayor and council together at that time annul or recall that appointment, and make it void from the beginning. By the charter the appointee holds for a definite term. He had been vested with the office, and, if he was to be deprived of it, it must be by removal in the manner provided by the charter.

It was said in the case of Marbury v. Madison, 1 Cranch, 137, 2 L. Ed. 60, quoted in Achley's Case, 4 Abb. Prac. 37:

"The exercise of the power of appointment to office is purely an executive act, and, when the power and authority conferred has been exercised, it is final for the term of the appointee. Laws, or acts of the Legislature in the nature of laws, are repealable at the will of the lawmaking power, subject to the inhibition of the Constitution that no law shall be passed impairing the obligation of contracts. No such power exists in reference to appointments to office. When that act is performed, it is irrevocable."

See, also, People ex rel. Mosher v. Stowell, 9 Abb. N. C. 456.

Nor do I think that the provisions of subdivision 49 of section 82 of the charter, defining the powers of the common council, aids the defendant in his contention, or that it can fairly be said that there is therein contained a grant of power to recall or repeal the resolution in question, consenting to Fitzgerald's appointment.

As to the second objection, it is equally untenable. Fitzgerald had performed every act to be by him performed, within the required time to perfect his title to the office. It cannot be that the common council have the power, by simply neglecting to act until after the expiration of 15 days, to deprive the appointee of his office, or render the office vacant. It is not of much importance that when the council did act the bond was found technically defective in form or manner of execution, or as to sufficiency of sureties. Its rejection then would not have the effect of vacating the office. The sureties would still be liable on the bond, and a new bond could be made and filed. No vacancy was declared or produced in any manner which the law will recognize. Fitzgerald was still clerk, and might file and was required to file a new bond. Keenan's right to hold over had been terminated. See Public Officers Law, §§ 11, 12, 13, 15; Cronin

v. Stoddard, 97 N. Y. 274; Foot v. Stiles, 57 N. Y. 399; People v. Watts, 73 Hun, 404, 26 N. Y. Supp. 280; Horton v. Parsons, 37 Hun, 45. The charter provides, as has been shown, that a failure to file the bond or take the oath for 15 days shall be deemed a declination of the office, and it shall be vacant; but the appointee was not put in default by the neglect to act upon his bond, which he filed within that time. People v. McKinney, 52 N. Y. 374.

It is argued with much insistence that Fitzgerald could resort to mandamus, and in that way procure the approval of his bond, and that such approval must be had before he is entitled to the books. It is a general rule that the court will not order by writ how the council shall act, while it might put them in motion; but I believe that Fitzgerald's title was complete in the giving and filing of his bond, so that Keenan, holding over, may not deny his title. To qualify means ordinarily to take the oath of office. The charter does not require any other qualification before taking the office, but it does require that a bond shall be given within 15 days. Matter of Bradley, 141 N. Y. 531, 36 N. E. 598. It is provided in the charter that the common council shall approve such bond. That must mean that the officer shall give such bond as the common council will approve, but the charter is silent as to when such bond shall be approved. It is not required that such approval shall precede the taking of the office, and I conclude that the appointee, having filed his oath and bond, would continue to act rightfully until such approval; and, if such bond was rejected, then he must give a new one, meeting the requirements of the council. It cannot be that the council may arbitrarily or negligently refuse to act, or arbitrarily reject any bond, however sufficient, and thereby keep out of office indefinitely a person regularly and duly appointed and otherwise qualified. But at least it may be said that, the office having once vested in Fitzgerald, Keenan is out, and may not so insist. The common council are not a party here, and as against Keenan the petitioner has made a prima facie case, and, as I think, beyond a reasonable doubt, entitling him to the possession of the books and papers.

The excuse presented by the aldermen who join in an affidavit read in opposition to this motion, for their action in attempting to withdraw their consent to the appointment of Fitzgerald, cannot avail here. By the approval of the common council, they certified his fitness. If it has since been determined that he is unfit, the way is open for an investigation and for his removal.

The order prayed for must be granted. If the terms of the order are not agreed upon by counsel, it may be settled before me on May 5th, at 2 o'clock p. m., at my office in Dayton.