In re FIDELITY & DEPOSIT CO. OF MARYLAND. (Supreme Court, Appellate Division, Third Department. November 11, 1903.) In the matter of the application of the Fidelity & Deposit Company of Maryland for leave to commence an action against George H. Stevens, as committee of the person and estate of Nancy C. Warner, an incompetent person.

PER CURIAM. Motion granted, and the following questions certified: (1) As between the sureties on all the bonds mentioned in the record, was the appellant first and primarily liable on the last appeal bond? (2) The appellant being surety on the appeal bonds, can it require contribution from sureties on the original bond of the committee, or from the estates of such persons, even if the amount paid by the appellant was in form paid on the bond given by the committee as such, and not on the appeal bonds?

FINCH, Appellant, v. FAY, Respondent. (Supreme Court, Appellate Term. November 18, 1903.) Action by John Finch against Mary Fay. From a judgment for defendant, plaintiff appeals. Affirmed. Wm. R. Bronk, for appellant. M. J. Early, for respondent.

BISCHOFF, J. The evidence of the witness Fay supports the conclusion that the offer to remove the encroachment, made ostensibly in the defendant's behalf, was definitely refused by the plaintiff's agent, who stated that he would not conclude the loan in any event upon the basis of the application. There is nothing to show that the proposed lender had rejected the loan before this conversation took place, and the proof sufficiently indicates that it was while negotiations were still open that this offer was made and refused. The evidence of plaintiff's agent's proposal to make two loans, aggregating the amount applied for, instead of the single loan as agreed, was offered to show a refusal to perform the contract as made, and no attempt to vary the terms of the writing was in any way involved. The point that the justice erroneously admitted evidence of a later placing of this loan has no foundation in the record, since no evidence to this effect was actually brought out, and the question, when asked of a witness who had knowledge of the matter, was included. The judgment is supported by evidence which discloses the plaintiff's refusal to make or to conclude the loan, with repudiation of the defendant's offer of a marketable title, and there is no ground for our dis-

turbing the determination in favor of the defendant. Judgment affirmed, with costs. All concur.

FINN, Respondent, v. PRUDENTIAL INS. CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 13, 1903.) Action by Mary Finn against the Prudential Insurance Company of America. No opinion. Motion denied.

FIRST NAT. BANK OF SARATOGA SPRINGS, Respondent, v. MORRIS, Appellant, et al. (Supreme Court, Appellate Division, Third Department. December 3, 1903.) Action by the First National Bank of Saratoga Springs against John W. Morris, impleaded, etc. No opinion. Order affirmed, with $10 costs and disbursements.

FISHER, Respondent, v. BECKER, Appellant. (Supreme Court, Appellate Term. June 22, 1903.) Action by Margaret J. Fisher against Charles H. Becker. From a judgment for plaintiff, defendant appeals. Reversed, unless voluntarily modified. Townsend, Dyett & Levy, for appellant. Phillips & Avery, for respondent.

MacLEAN, J. Curiosity arises, upon perusing the case, as to why the action brought by a wife for services and material rendered and furnished by her husband should not have been brought by a trustee in bankruptcy. But that was not mooted by either side. When both rested, it was admitted that the plaintiff should have judgment for something. What that should be depended upon whose version would be accepted of two agreements. One, the price of certain work on a house in Morris Park defendant testified was $25 less than the plaintiff's husband said it was; the other, the price of putting the husband through bankruptcy, the husband said was $75 less than the sum defendant said was agreed upon. Whatever and however the versions be taken, it is impossible to harmonize the judgment with them. The judgment should be reversed, therefore, unless the respondent consent to modify it by a reduction of at least $75. Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event, unless the respondent consent to modify it by a reduction of $75, in which case the judgment, as modified, is affirmed without costs on this appeal. All concur.

In re FITZGERALD. (Supreme Court, Appellate Division, Fourth Department. November 17, 1903.) Application of William D. Fitzgerald for an order requiring Charles Keenan to deliver books, papers, etc. No opinion. Order affirmed, with costs, upon opinion of Thrasher, J., county judge of Cattaraugus. 82 N. Y. Supp. 811.

FLAGG, Respondent, v. FISK et al., Appellants. (Supreme Court, Appellate Division, First Department. November 6, 1903.) Action by Cornelia C. Flagg against Almira G. Fisk and others. H. B. Kinghorn, for appellants. M. K. Flagg, for respondent. No opinion. Judgment and order affirmed, with costs.