In the Matter of the Complaint of JOHN BECRAFT as Supervisor-elect of the Town of Ohio, Herkimer County, N. Y., Petitioner, against DANIEL F. STROBEL, Respondent.

Supreme Court, Herkimer County, April 2, 1936.

*Nicholas G. Powers,* for the petitioner.

*Donald L. Brush,* for the respondent.

DOWLING, J.   Petitioner, John Becraft, was elected supervisor of the town of Ohio, Herkimer county, N. Y., at the general election held November 5, 1935.   The inspectors of election of said town made a return of the votes cast as required by law.   The county board of canvassers duly canvassed said vote and certified the result of the canvass to the board of elections of Herkimer county and said board has issued to the petitioner a certificate of election. On December 28, 1935, petitioner took and filed his oath of office in Herkimer county clerk's office.   On December 30, 1935, petitioner executed and filed in said office his official bond in the penal sum of $8,000 as required by law.   The term to which petitioner was elected began January 1, 1936.   He was supposedly elected to succeed respondent Strobel.

On January 1, 1935, petitioner presented his credentials to the board of supervisors of the county of Herkimer.   The board refused to seat him.   Instead, it seated respondent Strobel as holding over. The board's declination was placed on the ground that petitioner was not then an owner of record of real property in the town of Ohio as required by section 23 of the Town Law; hence was not eligible to represent said town.

On January 8, 1936, the town board of the town of Ohio declared a vacancy existed in the office of supervisor because of the alleged ineligibility of petitioner and appointed respondent Strobel to fill

the vacancy until the next biennial town meeting. He promptly accepted and is now acting as supervisor with the approval of the board of supervisors of the county of Herkimer.

On January 7, 1936, petitioner made demand that Strobel deliver to him the books, papers, money and property of the office of supervisor of the town of Ohio then in his possession and custody. Strobel refused compliance. Whereupon, petitioner instituted this proceeding, under section 80 of Public Officers Law, to compel Strobel to surrender said books, papers, money and property. On the return of the proceeding, Strobel appeared in person and by attorney and interposed an answer denying petitioner's right to the possession of said books, etc., and alleging that substantial doubt and controversy exists as to the eligibility and right of petitioner to hold the office of supervisor of the town of Ohio, Herkimer county, N. Y., for the reason " that the said John Becraft, on the 5th day of November, 1935 * * * was not qualified by law to be a candidate for or lawfully elected to said office of supervisor of said town." Respondent further alleged that petitioner was not eligible for the reason that he was not the owner of record of real property in the town of Ohio on the date of said election, November 5, 1935, as required by section 23 of the Town Law. Petitioner replied to the affirmative defenses interposed by respondent and alleged that section 23 of the Town Law, in so far as it provides that " every officer of the town * * * shall be the owner of record of real property in the town at the time of his election and throughout his term of office," violates both the State and Federal Constitutions, in that said requirement " is an unlawful test for public office " and is " an unwarranted invasion of the rights, privileges and immunities of candidates and electors guaranteed under the provisions of Art. 1, Sec. 1, New York State Constitution, and Art. 14, Sec. 1, of the amendments of the Constitution of the United States and makes an arbitrary discrimination among citizens and an unlawful restriction of the number of citizens from whom electors may choose their public officers," and that said requirement deprives petitioner, without due process of law, of the right to deal with his own property.

Petitioner alleges, in his petition and reply, that on the 27th of August, 1931, he purchased real property in the town of Ohio upon an installment contract and immediately entered into possession thereof and since has continued in the open, visible and notorious possession thereof; that, during each tax year since August 27, 1931, said premises have been duly assessed to and in the name of petitioner upon all proceedings for assessment of taxes applicable to the said town of Ohio, including the final filing in the town

clerk's office of said town of the corrected and certified assessment rolls as transmitted thereto and filed therein by the Herkimer county board of supervisors; that by reason thereof he was an owner of record of real property in the town of Ohio on November 5, 1935.

In the face of these issues, testimony was taken to determine whether or not petitioner's title to the office of supervisor of the town of Ohio is reasonably free from doubt. The undisputed testimony is that on November 5, 1935, the records in the Herkimer county clerk's office disclosed no conveyance to petitioner of real property in the town of Ohio; that on November 13, 1935, petitioner recorded in said clerk's office a deed from Charles A. and Elizabeth Bullock to himself of the real property mentioned in the petition.

Petitioner maintains that he is entitled to succeed for the following reasons: (1) That, having procured a certificate of election, having taken and filed his oath of office and having executed and filed his undertaking as required by law, he is in office and is entitled to the order prayed for under *Matter of Bradley* (141 N. Y. 527). (2) That the fact that he owned and was in actual possession of real property in the town of Ohio which was assessed to him on the assessment rolls of said town on November 5, 1935, made him an owner of record of real property in said town, within the meaning of section 23 of the Town Law. (3) That section 23 of the Town Law is unconstitutional. That on November 5, 1935, petitioner was an elector of the town of Ohio and, as such, was qualified to be a candidate for and to fill the office of supervisor of said town.

Section 80 of Public Officers Law provides in part: " A public officer shall demand from  *  *  *  any person in whose possession they may be, a delivery to such officer of all books and papers * * * belonging or appertaining to such office. If such demand is refused, such officer may make complaint thereof to any justice of the supreme court of the district, or to the county judge of the county in which the person refusing resides. If such justice or judge be satisfied that such books or papers  *  *  *  are withheld, he shall grant an order directing the person refusing to show cause before him at a time specified therein, why he should not deliver the same."

In a proceeding under said section, a justice of the Supreme Court will not order delivery of books and papers unless he is convinced that the person seeking their delivery has a clear *prima facie* title to the office in question, free from reasonable doubt. Consequently, he must examine the claim of title of the petitioner so far as to enable him to determine that fact. (*Cobee* v. *Davis*, 8 How. Pr. 367, 372; *People* v. *Allen*, 42 Barb. 203, 209; *Matter of Sells*, 15 App. Div. 571, 575; *Matter of Brenner*, 67 id. 375, 377; *Matter*

*of Fitzgerald,* 88 id. 434, 436.)    No issue is raised as to the qualifications of respondent Strobel.

Was petitioner the owner of record of real property in the town of Ohio at the time of his election as required by section 23 of the Town Law?    This section requires every officer of the town shall be an elector of the town and the owner of record of real property in the town at the time of his election and throughout his term of office.

It is conceded petitioner had no conveyance of real property in the town of Ohio on record in the Herkimer county clerk's office on November 5, 1935.    Petitioner maintains, however, that he was qualified under section 23, on November 5, 1935, by reason of the fact that he was the owner and in possession of real property on that date which was assessed to him upon the assessment-rolls of said town.

Section 9 of the Tax Law provides: " Real property shall be assessed as of July first in the tax district in which it is situated. In all cases the assessment shall be deemed as against the real property itself, and the property itself shall be holden and liable to sale for any tax levied upon it."

Section 55-a of the Tax Law provides: " The entry of the name of the owner, last known owner or reputed owner of a separate parcel or portion of real property shall not be regarded as part of such assessment, but merely as an aid to identify such parcel upon the roll."

Assessments are now made directly on the property itself.    The entry of the name of the owner on the assessment-roll is merely incidental to the assessment and is not indicative of ownership. The assessment-roll is notice to no one as to who the actual owner is. (*Wise* v. *Wedlake,* 217 App. Div. 210, 212; *Witherhead* v. *Ort,* 223 id. 626, 628, 631; affd., 249 N. Y. 567; *Smith* v. *Russell,* 172 App. Div. 793, 796, 797.)

Section 291 of the Real Property Law provides: " A conveyance of real property, within the state, on being duly acknowledged by the person executing the same, or proved as required by this chapter, and such acknowledgment or proof duly certified when required by this chapter, may be recorded in the office of the clerk of the county where such real property is situated, and such county clerk shall, upon the request of any party, on tender of the lawful fees therefor, record the same in his said office.    Every such conveyance not so recorded is void as against any subsequent purchaser in good faith and for a valuable consideration, from the same vendor, his heirs or devisees, of the same real property or any portion thereof, whose conveyance is first duly recorded."

The first general recording act was passed by the Legislature of the State of New York in 1813. (Revised Laws of 1813, chap. 97; 1 R. L. 369.) Since that enactment, people generally have supposed and believed that an owner of record of real property was one whose conveyance was on record in the place provided for in the general recording acts, as amended. Under the present Tax Law, no one would suppose that the person to whom real property is assessed is the owner thereof. If one were seeking to discover the owner of record of real property he would naturally consult the records in the office where the statute permits conveyances of real property to be recorded.

The genesis of section 23 of the present Town Law is interesting. At the time *Matter of Bradley* was decided, the statute, chapter 569 of the Laws of 1890, section 50, provided: " Every elector of the town shall be eligible to any town office, except inspectors of election shall also be able to read or write. But no county treasurer, superintendent of the poor, school commissioner, trustee of a school district, or United States loan commissioner, shall be eligible to the office of supervisor of any town or ward in this State." No property qualification was required under this statute. This section became a part of the Town Law of 1909, chapter 63, section 81, without change. By chapter 634 of the Laws of 1932, section 23, relative to the eligibility of town officers, was changed to read as follows: " Every officer and employee of the town, excepting the town attorney and such counsel as may be employed and the town engineer and such consultant engineers as may be employed, at the time of his election or appointment and throughout his term of office, shall be an elector of the town and every elective officer shall be the owner of property assessed on the last preceding assessment-roll of the town. No county treasurer, public welfare officer, district superintendent of schools, or trustee of a school district shall be eligible to the office of supervisor." Here, for the first time, appears the requirement that every elective officer, of whom the supervisor of the town is one, shall be the owner of record of real property in the town. This section was amended by chapter 662 of the Laws of 1933, effective January 1, 1934, to read as follows: " Every officer and employee of the town, excepting the town attorney and such counsel as may be employed, and the town engineer and such consultant engineers as may be employed, at the time of his election or appointment and throughout his term of office, shall be an elector of the town and every elective officer shall be the owner of property assessed on the last preceding assessment-roll of the town. No county treasurer, county com-

missioner of public welfare, district superintendent of schools, or trustee of a school district shall be eligible to the office of supervisor."

By chapter 751 of the Laws of 1933, effective January 1, 1934, this section was again amended to read as follows: " Every officer of the town at the time of his election or appointment and through-out his term of office, shall be an elector of the town and every elective officer shall be the owner of record of real property in the town at the time of his election and throughout his term of office. No county treasurer, district superintendent of schools, or trustee of a school district shall be eligible to the office of supervisor." By this amendment the Legislature eliminated the provision that " every elective officer shall be the owner of property assessed on the last preceding assessment-roll of the town." This amendment served to avoid confusion that might arise due to the fact that under the Tax Law assessments are made against the property and not against the owner.

From the foregoing, it is quite clear that the expression " owner of record " refers to the record in the county clerk's office and not to the assessment rolls of the towns, and the courts have so held. (*Matter of Funkhouser*, 157 Misc. 400, 407; *Bone* v. *Dwyer*, 89 Cal. App. 535; 265 Pac. 292, 294; *Ex parte Connolley*, 168 Mass. 201; 46 N. E. 618; *Brooks* v. *Black*, 22 Colo. App. 49; 123 Pac. 131; *Conners* v. *Lowell*, 209 Mass. 111; 95 N. E. 412.)

Section 23 of the Town Law is not obnoxious to either the State or Federal Constitutions. The Legislature " may, in the exercise of its judgment for the public good, limit the number from whom the elector may select, for thus to legislate is within the general and sovereign power of legislation which it constitutionally possesses." (*People ex rel. Furman* v. *Clute*, 50 N. Y. 451, 460; *People ex rel. Devery* v. *Coler*, 173 id. 103, 118; *Rogers* v. *Common Council of Buffalo*, 123 id. 173, 183, 185; *Scott* v. *Village of Saratoga Springs*, 131 App. Div. 347; affd., 199 N. Y. 178.)

The purpose of section 23 of the Town Law is to secure for the position of supervisor in the various towns of the State " persons who are interested and by reason of their interest may be expected to be careful and economical in administering the affairs of the village." (*People ex rel. Worth* v. *Kanar*, 80 Misc. 552, 555, citing *Jewell* v. *Mohr*, 136 N. Y. Supp. 273.) A property qualification is not a test within the meaning of article 13, section 1, of the Constitution of the State of New York. Under section 23 of the Town Law, each owner of record of real property in any town of the State " stands on an equal footing with others of his class, all of whom are eligible." This is all the Constitution guarantees. (*Rogers* v. *Common Council of Buffalo, supra*, p. 183.) The fact that petitioner

acquired a deed of the property occupied by him in the town of Ohio and placed it on record in Herkimer county clerk's office November 15, 1935, did not render him eligible to assume the office of supervisor January 1, 1936. (*People* v. *Purdy*, 154 N. Y. 439, 441, 442.)

I am aware that this is not a proceeding to try the title to office. Since the facts are not in dispute, questions of law can as well be determined here as in an action of quo warranto. (*Matter of Brearton*, 44 Misc. 246, 253; *Matter of O'Meara* v. *Corscadden*, 244 App. Div. 447, 448.)

My conclusion is that petitioner has failed to establish that his title to the office of supervisor of the town of Ohio is free from reasonable doubt; hence he is not a " public officer." Only a " public officer " may have recourse to the remedy provided for in section 80 of the Public Officers Law. Application is denied.

Enter order accordingly.