PETER J. SKELLY, Plaintiff, *v.* CHARLES E. KNELL, as Mayor, and Others, Defendants.

Supreme Court, Trial Term, Nassau County, February 4, 1938.

*Alexander H. Rockmore*, for the plaintiff.

*James N. MacLean* [*Frederick M. Thompson* of counsel], for the defendants.

STODDART, J. The plaintiff herein was elected a trustee of the village of Massapequa Park on March 16, 1937. On March 26, 1937, in accordance with section 59 of the Village Law, he filed an affidavit to prove his eligibility to hold office, and on the same day the oath of office was taken by him. Thereafter he acted as a member of the village board of trustees until November 16, 1937, when a petition was presented to the board of trustees by tax-

payers of the village, which petition urged the board to determine the status of the plaintiff. A hearing was held, at which the plaintiff was present, and the board declared that a vacancy existed, as it appeared that the plaintiff had not complied with section 42 of the Village Law on the date of his election.

In this action the plaintiff's complaint contains the following prayer for relief:

" (a) Adjudging that the aforesaid resolution adopted by defendants, declaring plaintiff ineligible to be a member of the aforesaid Board of Trustees and declaring the existence of vacancy in said office, was and is illegal and null and void.

" (b) Adjudging that defendants' acts in refusing to permit plaintiff to vote or otherwise act upon matters that have come before said Board of Trustees, were and are illegal and null and void.

" (c) Permanently enjoining and restraining defendants from in any way interfering with or hindering plaintiff in the discharge of his duties and/or the exercise of his powers as a member of the Board of Trustees of the Incorporated Village of Massapequa, and from in any way preventing plaintiff from acting as a member of said Board of Trustees.

" (d) Permanently enjoining and restraining defendants from naming, designating or appointing any person to succeed plaintiff as a member of said Board of Trustees.

" (e) Granting plaintiff such other and further relief as the court may deem just and proper, together with the costs and disbursements of this action."

It is the plaintiff's claim that, having proved his election, his receipt of a certificate of election, and the taking of an oath of office, that he is entitled to the relief sought, and that the defendants may not in this action question his right to the office. However, as part of his case the plaintiff offered in evidence an extract of the minutes of the hearing held on November sixteenth, and that extract contains the following: " The Mayor then asked Trustee Skelly as to his status. Trustee Skelly informed the Board that he held only a contract to purchase but that he considered this sufficient for eligibility, since he paid taxes and could secure a deed but was undecided whether to get an F. H. A. or other mortgage." With that admission as part of the plaintiff's case, there is no issue of fact involved, and the court may consider the plaintiff's title to said office as trustee. (*Greene* v. *Knox,* 175 N. Y. 432, 438.)

Section 42 of the Village Law reads as follows:

" § 42. Eligibility to office. A mayor or trustee, or a member of any separate board of commissioners must at the time of his or her election or appointment, be the owner, *either in his or her name*

*or jointly with some other person or persons, of title to* real property assessed on the last preceding assessment-roll, and must also be the owner, *either in his or her name or jointly with some other person or persons,* during the term of his or her office *of title to real* property assessed on the assessment-roll of said village and must also reside in said village. Any qualified person is eligible to any other village office. A person shall not hold an elective and appointive office at the same time, except that not more than two members of the board of trustees may be members of any separate board or commission. No person shall be disqualified from holding a village office by reason of holding a town or county office. In any village the board of trustees may, by resolution, consolidate the offices of clerk, treasurer and assessor or any two of such officers." (Italics mine.)

Prior to 1935, equitable owners of property were qualified under this section. (See Op. Atty.-Gen. 1903, 575; Id. 1912, 328.) The italicized portion of section 42 (quoted above) was added in 1935, chapter 811, section 1, and, if the Legislature did not mean legal title there would have been nothing accomplished by the amendment. As a purchaser under a valid contract for the sale of land has an equitable estate in the land, with legal title remaining in the vendor, it is obvious that the plaintiff was not qualified to hold office under section 42. This court will grant an injunction and other relief to protect clear legal rights but not to accomplish a wrong. In *Matter of Becraft* v. *Strobel* (158 Misc. 844), DOWLING, J., rendered a similar decision on analogous facts.

Judgment for the defendants, without costs.