(163 App. Div. 83)'

CLOSE v. BURDEN.    (No. 187–16.)

(Supreme Court, Appellate Division, Third Department. July 1, 1914.)

PAUPERS (§ 5*)—OFFICERS—VACANCIES—APPOINTEES.

> Under County Law (Consol. Laws, c. 11) § 220, providing for the election of a superintendent of the poor to hold office for three years and until his successor is elected and qualifies, and authorizing officers, when a vacancy occurs, to appoint one to hold the office until his successor is

---

elected and qualifies, an appointee to fill a vacancy caused by the death of a duly elected and qualified superintendent holds over as against one disqualified to hold the office at the time of his election at the next general election, though he qualifies and resigns and is, on the removal of the disqualification, appointed, notwithstanding Public Officers' Law (Consol. Laws, c. 47) §§ 5, 38, declaring that an appointment to fill a vacancy continues only until the commencement of the political year next succeeding the first annual election after the vacancy.

[Ed. Note.—For other cases, see Paupers, Cent. Dig. §§ 12, 13; Dec. Dig. § 5.*]

Appeal from Special Term, Broome County.

Petition by Lewis Close against Louis P. Burden to compel the delivery of the books and papers appertaining to the office of Superintendent of the Poor of Madison County, in possession of defendant. From an order denying relief, petitioner appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

W. E. Lounsbury, of Oneida, Co. Atty. (James Moore, of Oneida, of counsel), for appellant.

John A. Johnson, of Morrisville, for respondent.

JOHN M. KELLOGG, J. S. Allen Curtis, at the election in November, 1912, was duly elected superintendent of the poor of Madison county for the term of three years. He duly qualified and was performing the duties of the office when he died, March 25, 1913. On April 4, 1913, pursuant to section 220 of the County Law, the respondent Burden was duly appointed superintendent of the poor of said county, and duly qualified and entered upon the duties of the office. At the general election in November, 1913, both the appellant and respondent were candidates for the office. The appellant received the greater number of votes and was declared duly elected. At the time of said election, however, he was supervisor of the town of Lebanon, in said county, and it is therefore conceded that under the provisions of that section he could not be elected superintendent of the poor. Nevertheless, he qualified and immediately resigned. His term of office as supervisor expired December 31, 1913, and on the 7th day of January, 1914, the board of supervisors unanimously passed a resolution appointing him superintendent of the poor, and he thereupon filed the official oath and bond required of such officer. He thereupon demanded of the respondent the books and papers belonging to the office, which demand was disregarded, and under section 80 of the Public Officers' Law he makes this application, which was denied at the Special Term.

Section 220, subd. 4, of the County Law (Consol. Laws, c. 11) provides for the election of a superintendent of the poor, "who shall hold his office for three years from and including the 1st day of January succeeding his election, and until his successor is duly elected and qualifies." Subdivision 2 of that section provides that:

"The supervisors, if in session, otherwise by the county judge," shall appoint "a county superintendent of the poor, when a vacancy shall occur in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

such office, and the person so appointed shall hold the office until and including the last day of December succeeding his appointment, and until his successor shall be elected and qualifies."

These provisions make it clear that the respondent under his appointment is to hold the office until his successor is elected and qualifies, and that the superintendent in office, either by an election or by an appointment to fill a vacancy, is to continue in office until his successor is elected and qualifies.

It is urged, however, that by section 38 of the Public Officers' Law (Consol. Laws, c. 47) an appointment to fill a vacancy continues only until the commencement of the political year next succeeding the first annual election after the happening of the vacancy, and that section 5 of that law made the office vacant after that date for the purpose of filling it, although the respondent would continue to discharge the duties of the office until the vacancy is filled. The provisions of the County Law and the Public Officers' Law referred to are both found in the Consolidated Laws of 1909 and were substantially taken from the general laws of 1902. There is nothing either in the general laws or the consolidated laws to indicate that the Legislature intended that the provisions of the Public Officers' Law in this respect should override the provisions of the County Law. We may therefore assume, the office being a statutory one, that the statute creating it, declaring how it shall be filled and the term of office is not modified or changed by the Public Officers' Law.

The order should therefore be affirmed, with costs. All concur.