In the Matter of the Application of HERBERT L. HARRIS, County Commissioner of Public Welfare of Seneca County, Petitioner, against RAYMOND B. WELLS, Respondent, to Compel the Delivery of Books and Papers.

County Court, Seneca County, January 9, 1936.

*Joseph J. Doyle,* for the petitioner.

*Philip Serling,* for the respondent.

CHURCH, J. The above-entitled matter is brought on by petition of Herbert L. Harris, dated and verified on the 2d day of January, 1936, in which he seeks, pursuant to section 80 of the Public Officers Law, for an order directing Raymond B. Wells, present occupant of the position of commissioner of public welfare of Seneca county, to turn over to the petitioner the books, papers and records of that office.

Among other things, the petition states that petitioner was a candidate for the office of welfare commissioner of Seneca county at the general election held in November, 1935; that he received a majority of the votes cast at said general election and that thereafter a certificate of election was duly issued to him after which he filed his oath of office and undertaking which was duly approved.

Thereafter and on the 1st day of January, 1936, the petitioner presented himself at the office of the Seneca county commissioner of public welfare and demanded that the books, papers and records of said office be turned over to him; that the occupant, Raymond B. Wells, this respondent, refused to turn over such papers and records, as a result of which refusal petitioner brought this proceeding.

The respondent, Raymond B. Wells, on the return of the order to show cause, has filed his answering affidavit dated and verified on the 6th day of January, 1936, by which it appears, among other things, that the said respondent was duly elected to the office of commissioner of welfare of Seneca county at the general election in November of 1932 for a term of three years, which would expire December 31, 1935; that he duly qualified for such office and took possession of the same and the books, papers and records thereof and has continued in possession and control thereof up to the present date.

It appears from the papers that the respondent was the defeated candidate in the general election of November, 1935. It does further appear by the answering affidavit that the petitioner, who was the successful candidate in said election, was at the date of his election to the position of commissioner of public welfare, a supervisor of the town of Lodi. It appears that the petitioner resigned such office of supervisor of said town the day following election.

Section 220 of the County Law provides, among other things, that no supervisor or county treasurer can be elected to the position of commissioner of public welfare, and it further provides that a commissioner of public welfare shall hold his office for a term of three years from and including the first day of January succeeding his election and until his successor is duly elected and qualified.

It is contended on the part of the petitioner that he having received a great majority of the votes cast at the general election and having duly qualified as stated in his petition, is now entitled to the relief prayed for on the ground that he has made a *prima facie* case of one legally entitled to the office and that the question of legality of the election cannot be questioned in this proceeding but must be determined in a quo warranto proceeding.

The respondent contends, however, that the petitioner having been a supervisor of the town of Lodi on election day, November, 1935, cannot under the statute be legally elected to the office of commissioner of public welfare of Seneca county even though the petitioner did resign the day following such election.

Both parties have cited numerous decisions under section 80 of the Public Officers Law to sustain their contentions. The petitioner relies on *Matter of Bradley* (141 N. Y. 527).

There seems to be no question from the decision in the *Bradley* case that the general rule in a proceeding of this kind is that if a *prima facie* case is made out by the petitioner, he is entitled to the relief provided for in section 80 of the Public Officers Law and that the question of the legality of the title to such office must be determined in another proceeding.

The respondent, however, conceding that *Matter of Bradley* recites the general rule of law, claims that there is an exception to that general rule and in support of that exception cites many cases, among which is to be found *Matter of Brenner* (67 App. Div. 375).

The *Brenner* case stating the general rule further sets forth: " It is quite true that the purpose of this statute is not to enable contesting claimants to try the title to an office; but it is equally true and well settled that the statute cannot be successfully invoked unless the title of the applicant is clear and free from reasonable doubt." (Citing a number of cases.)

In the *Brenner* case it was further observed that the mere possession of a certificate of election or appointment and the taking of the constitutional oath do not establish a *prima facie* right to an office.

It is again stated in the same decision that the petitioner's right to relief does not depend on the question as to whether respondent's right to the office may be maintained but on the right of petitioner to the office.

The same reasoning may be found in numerous other decisions of the Appellate Division which need not here be cited.

One other case seems to be squarely in point with the case at bar; that is *Close* v. *Burden* (163 App. Div. 83). In the *Burden* case the petitioner brought a proceeding under section 80 of the Public Officers Law to compel the superintendent of poor of Madison county to turn over to petitioner the books, papers and records of his office. The facts appear to be as follows:

Petitioner was the successful candidate for the office of superintendent of poor of Madison county in the general election preceding this application. The respondent was the unsuccessful candidate who was at the time of the election the duly qualified superintendent of poor of Madison county. It did appear, however, that at the time of petitioner's election he was a supervisor of one of the towns of Madison county. It was conceded by all parties in the proceeding that his election was illegal because he was such supervisor. It did appear, however, that after petitioner's election he was issued a certificate of election to the office, filed his oath of office and his bond, which was approved. After petitioner's term

of office as supervisor had expired, to wit, December thirty-first, and early in the following January, the petitioner resigned as superintendent of poor of Madison county: Thereafter the board of supervisors of said county appointed the petitioner to the office of superintendent of poor of said county. He again filed his oath of office and bond, which was approved, and then brought this proceeding under section 80 to compel the respondent, who was the superintendent of poor holding over, to turn over the books and papers.

The court affirmed the order at Special Term, denying petitioner's prayer of relief under section 80, saying that if petitioner at the time of his election to the office of superintendent of poor of Madison county was then a supervisor of the town of Lebanon in said county, he could not be legally elected to the office of superintendent of poor of said county. The court further held that the incumbent of the office held over until his successor was elected and qualified. The court further held that this was not cured by petitioner resigning and the board of supervisors subsequently appointing him to the office, for the reason that there was no vacancy in the office of superintendent of poor, hence the board of supervisors could not fill such vacancy by appointment inasmuch as under the County Law the incumbent held over until his successor was elected and qualified. The court also stated that this office being a statutory one, was governed by the statute creating it and declaring how it should be filled and that the term of office could not be modified or changed by anything in the Public Officers Law.

It would, therefore, seem to be the law in this State that while as a general rule the title to an office cannot be tried in a proceeding under section 80 of the Public Officers Law, and that if a *prima facie* case is made showing that the petitioner has legal title to the office, he is entitled to the relief demanded, nevertheless, the rule is subject to the exception that if there is a reasonable doubt as to the legality of petitioner's claim to the office, he is not entitled to relief under section 80 of the Public Officers Law. It would seem that this exception is founded on a reasonable interpretation of the rule and the statutes.

The office of commissioner of public welfare has come to be an office with a wide range of activities. Under it are administered old age relief, public welfare activities such as home relief, management of the county home and practically the entire welfare activities of the county. It involves the administration of vast sums of money. It would, therefore, seem questionable, as a matter of public policy, to order all the records, books and papers of such an office turned over to an applicant, even though receiving a large majority of the

votes cast at the preceding general election, and even though from the human standpoint it might appear that he should be entitled to the office, if on the other hand there was a reasonable doubt as to the petitioner's legal claim to the office. It would in other words mean turning over to an applicant, in some cases perhaps not too familiar with such an office, the entire records and management, and after a few months it might be determined that such applicant had no legal title to the office and the books and papers would again have to be turned back with attendant confusion at such transfer.

The law provides a remedy which will be safe and reasonably prompt, that is, a quo warranto proceeding to determine whether or not this petitioner was legally elected and entitled to the office. If in such proceeding it appears he was legally elected, these books and papers will, voluntarily or if not, in a proceeding under section 80, be quickly turned over to the applicant, and if such legality is not sustained, the present incumbent will continue in office until the next general election, when a person legally entitled thereto is elected.

The petitioner's prayer for relief is, therefore, denied and an order may be made and entered accordingly.