Per Curiam.

Defendant-appellant Van Hatten was elected to the office of supervisor from the Town of Marcy, Oneida County, at the general election held November 8, 1949. Plaintiff-respondent, Carlton R. Seavey, the present incumbent of said office, whose term expires on December 31, 1949, brings this action under section 473 of the Civil Practice Act, for a judgment declaring that, pursuant to the provisions of section 23 of the Town Law, appellant was not eligible to hold the office of supervisor and that the respondent, by virtue of section 5 of the Public Officers Law, holds over as supervisor until his successor has qualified/ Appellant has not answered the complaint and his time to answer has not expired. On respondent’s motion, upon notice to appellant for an injunction pendente lite, the Special Term made an order restraining the appellant from assuming the office or acting as supervisor and also restraining the defendants, the town officers of the town of Marcy and the county officers of the county of Oneida, from in any way recog *262 nizing or qualifying the appellant as the supervisor of the town of Marcy or as a member of the Board of Supervisors of the County of Oneida.
These appeals are from an order denying appellant’s motion to dismiss the complaint for legal insufficiency and also from the order granting the injunction.
The rule is well settled that under ordinary circumstances the only action which lies to try title to office is under article 75 of the Civil Practice Act, in the nature of quo warranto. It is also well settled that such an action does not lie unless there is a de facto or de jure officer in the office. In the present case an action under article 75 of the Civil Practice Act does not lie as appellant has not yet assumed office. The question presented is whether a court of equity has authority to determine the title to office by way of declaratory judgment in advance of assumption of office. In our opinion, the fact that the Legislature has provided for declaratory judgments, has not changed the ancient rule that courts of equity may not interfere in political matters such as determining the title of a person to public office, nor has the jurisdiction of the court sitting in equity been enlarged in this respect, by reason of the provisions of section 473 of the Civil Practice Act. No authority has been called to our attention which holds that a court of equity may, in advance of the taking of office, declare the ineligibility of a candidate for public office who has been duly elected at a duly organized election by a majority of the eligible voters of the political unit. To hold otherwise would open the door to innumerable suits by defeated candidates and others who claim to have an interest in the election seeking to set aside the majority will of the electors. Except for the remedy provided for by section 23-a of the Town Law, we think the orderly procedure is, as it has always been, that if a person is elected to office, he may only be ousted therefrom by an action in the nature of quo warranto with the full right of trial by jury in accordance with the rules of common law. We do not think the Legislature, by enacting section 473 of the Civil Practice Act in reference to declaratory judgments, ever intended by such statute to extend the equity jurisdiction of the Supreme Court. (See Schieffelin v. Komfort, 212 N. Y. 520, 531.)
It seems to us that plaintiff-respondent may fully protect his rights and obligations by waiting the action of the appellant pursuant to section 80 of the Public Officers Law. (See Matter of Becraft v. Strobel, 158 Misc. 844, affd. 248 App. Div. 810, affd. 274 N. Y. 577.)
*263 We do not think an injunction may be granted by a court of equity under circumstances such as are disclosed by this record.
The order denying the motion to dismiss the complaint should be reversed on the law, without costs of this appeal to any party and motion granted without costs; restraining order entered December 21, 1949, should be reversed on the law, without costs and motion denied, without costs.
All concur. Present — Taylor, P. J., McOurn, Love, Kimball- and Piper, JJ.
Order entered December 16, 1949, denying motion to dismiss the complaint, reversed on the law, without costs of this appeal to any party, and motion granted, without costs; restraining order entered December 21, 1949, reversed on the law, without costs and motion denied, without costs. Motion dismissed as academic.